475 A.2d 820

**Shirley A. PROZZOLY, Appellant,**

**v.**

**Anthony P. PROZZOLY. (Two cases.)**

Superior Court of Pennsylvania.

Argued May 20, 1982.

Filed April 27, 1984.

fiduciary cannot be liable for interest exceeding the legal rate. We are likewise bound by that statute.

J. Kerrington Lewis, Pittsburgh, for appellant.

Shelley W. Elovitz, Pittsburgh, for appellee.

Before HESTER, McEWEN and JOHNSON, JJ.

McEWEN, Judge:

This is a consolidated appeal taken from two orders entered by the Court of Common Pleas of Allegheny County in a divorce proceeding instituted by appellant under Section 201(d) of the Divorce Code.[1] The first order denied the request of appellant for alimony pendente lite and awarded appellant counsel fees in the sum of $200.00. While this appeal from that order was pending, the trial court entered a final decree in divorce, which has become the subject of the second appeal by appellant. Appellant contends that the prior appeal from the order concerning alimony pendente lite and counsel fees had operated to divest the lower court of jurisdiction. We are constrained (1) to vacate the order denying appellant alimony pendente lite and awarding appellant counsel fees in the amount of $200.00 and (2) to vacate the final decree in divorce. We do so as a result of our conclusion that the appeal from the

1. The Divorce Code, Act of April 2, 1980, P.L. 63, No. 26, § 201, 23 P.S. § 201.

order denying alimony pendente lite operated to divest the trial court of jurisdiction to proceed further in the matter.

Appellant, Shirley Prozzoly, filed a complaint in divorce on June 2, 1980, pursuant to the Divorce Law of 1929 [2] alleging that her husband, appellee Anthony Prozzoly, had committed indignities to her person. Appellant subsequently petitioned the court for permission to proceed under the newly enacted Divorce Code [3] and, on August 5, 1981, filed with leave of court an amended complaint under Section 201(d) of the new Divorce Code, alleging that the parties had lived separate and apart for three years and that the marriage was irretrievably broken. Appellant also requested in her amended complaint alimony pendente lite, counsel fees, alimony and equitable distribution of marital property. The answer of appellee admitted the allegations set forth in the complaint concerning the status of the marriage. The Master, appointed by the trial court pursuant to Pa.R.C.P. 1920.51 to take testimony concerning appellant's petition for alimony pendente lite and counsel fees, conducted such a hearing on November 19, 1980. While both parties agree that the Master, on November 24, 1980, submitted the report and recommendation required by Pa.R.C.P. 1920.54, the docket does not reflect that these documents were filed and the record on appeal does not contain the report of the Master. The record, however, suggests that the Report of the Master recommended that appellant receive alimony pendente lite in the amount of $100.00 per month as well as counsel fees in the amount of $300.00.[4] Both parties filed exceptions to the Report and recommendation of the Master as required by Pa.R.C.P. 1920.55. The trial court dismissed the exceptions filed by appellant, granted the exceptions

2. The Divorce Law, Act of May 2, 1929, P.L. 1237, as amended, 23 P.S. § 1, *et seq.* (repealed).

3. The Divorce Code, Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 101 *et seq.*

4. The report and recommendation of the Master which are not included in the record transmitted to this Court may not be considered by this Court in resolving the issues presently before us. Pa.R.A.P. 1921.

filed by appellee, and entered an order denying appellant alimony pendente lite and awarding appellant counsel fees in the amount of $200.00. Appellant filed a timely notice of appeal from this order of January 22, 1981, both as to the meager amount of the counsel fees awarded as well as the denial of alimony pendente lite. Twenty days thereafter appellant filed a petition for a stay of the divorce proceedings, alleging, inter alia, that the appeal from the order denying alimony pendente lite had operated to divest the trial court of jurisdiction to proceed further in the matter. The trial court entered a final decree in divorce on March 3, 1981, without acting upon the petition for a stay. Appellant filed a timely notice of appeal from the final decree in divorce.

■ Appellee initially contends that the appeal from the order denying alimony pendente lite and awarding counsel fees to appellant is interlocutory and must be quashed. This Court, sitting en banc, has, however, recently held that an order denying alimony pendente lite is a final, appealable order. *See Sutliff v. Sutliff*, 326 Pa.Super. 496, 474 A.2d 599 (1984). The order denying alimony pendente lite and awarding counsel fees is, therefore, a final, appealable order properly before us for review.

Our review of the merits of the order of the trial court concerning alimony pendente lite and counsel fees is hindered by the paucity of the available record. The record includes the transcript of the hearing before the Master on November 19, 1980, but not the budgets which the parties introduced into evidence at the hearing; nor, as we earlier noted, is the formal report and recommendation of the Master available; and, while the opinion of the trial court provides a one sentence explanation for its refusal to allow appellant alimony pendente lite, it does not discuss the reason for what appellant asserts is an inadequate award for counsel fees. The opinion of the trial court states that appellant "is not entitled to alimony pendente lite as previously adjudicated by this court in its order dated July 11, 1979". The order of July 11, 1979, did not concern alimony

pendente lite but, rather, was an order denying a petition for modification of a prior order of support.

Our scope of review of the award or denial of alimony pendente lite and counsel fees and expenses is limited to a determination of whether the trial court abused its discretion, *Remick v. Remick*, 310 Pa.Super. 23, 28, 456 A.2d 163, 168 (1983), or committed an error of law. *Jack v. Jack*, 253 Pa.Super. 538, 542, 385 A.2d 469, 472 (1978). The courts of this Commonwealth have long recognized that support payments are separate and distinct from an award of alimony pendente lite. *Commonwealth ex rel. Lipschultz v. Lipschultz*, 179 Pa.Super. 527, 117 A.2d 793 (1955); *Hanson v. Hanson*, 177 Pa.Super. 384, 110 A.2d 750 (1955). The obligation of support arises out of the marital relationship itself, *White v. White*, 226 Pa.Super. 499, 313 A.2d 776 (1973), while alimony pendente lite is awarded only to enable the dependent spouse to maintain or defend the divorce litigation. *See Keller v. Keller*, 275 Pa.Super. 573, 419 A.2d 49 (1980). This Court has determined that a support action does not preclude a party from pursuing a separate action for alimony pendente lite. *Remick v. Remick, supra* 310 Pa.Super. at 37, 456 A.2d at 169–171. Moreover, this Court has previously noted that "[a]n order terminating the obligation of support does not prevent the court from entering an order awarding alimony pendente lite". *Commonwealth ex rel. Brown v. Brown*, 254 Pa.Super. 410, 414 n. 2, 386 A.2d 15, 17 n. 2 (1978). Application of these principles to the instant appeal compels us to conclude that the order of the court denying alimony pendente lite to appellant solely by reason of a prior adjudication in a support action constitutes an error of law. We are constrained, therefore, to reverse the order denying alimony pendente lite.

We are unable, however, to consider the order of the trial court awarding appellant counsel fees in the amount of $200.00, since the absence of the report and recommendation of the Master prevents us from determining what factors the Master relied upon to recommend the award and

amount of counsel fees. Moreover, the absence of explanation by the trial court for the award of the sum of $200.00 for counsel fees leaves us unable to determine whether the trial court abused its discretion or committed an error of law. We ourselves are, of course, precluded from determining the proper amount of counsel fees, for to do so would "usurp the trial court's duty as finder of fact." *Ruth v. Ruth*, 316 Pa.Super. 282, 287, 462 A.2d 1351, 1353 (1983). Therefore, we reverse the order of the trial court denying appellant alimony pendente lite and establishing the amount of counsel fees and remand the case to the Common Pleas Court for further proceedings consistent with this opinion.

We move now to consider the contention of appellant that the trial court was without jurisdiction to enter a final decree in divorce during the pendency of the appeal from the order denying alimony pendente lite. Appellee argues that jurisdiction to render a valid decree in divorce remained with the trial court pursuant to Pa.R.A.P. 1701(c) since the initial appeal from the order denying alimony pendente lite and awarding counsel fees concerned issues which were separate and distinct from the issue of the parties' right to a divorce. Appellee also argues that an appeal from an order awarding or denying alimony pendente lite and awarding counsel fees should not operate to divest the trial court of jurisdiction to proceed with the main action in divorce as the purpose and intent of the legislature in enacting the Divorce Code of 1980 was to facilitate the procurement of divorces.

We hold that an appeal from an order granting or denying alimony pendente lite and counsel fees operates to divest the trial court of jurisdiction to proceed further with the action in divorce. It is well settled that the purpose of an award of alimony pendente lite and counsel fees is to enable the recipient to maintain or defend the action in divorce and to meet expenses accrued during such litigation. *Oswald v. Oswald*, 263 Pa.Super. 85, 87, 397 A.2d 7, 8 (1979); *Jack v. Jack*, 253 Pa.Super. 538, 542, 385 A.2d 469, 472 (1978); *Wiegand v. Wiegand*, 242 Pa.Super. 170, 176,

363 A.2d 1215, 1218 (1976); *Belsky v. Belsky*, 196 Pa.Super. 374, 377, 175 A.2d 348, 350 (1961). Were we to allow the litigation to proceed while issues concerning alimony pendente lite and counsel fees were being considered on appeal, the express purpose of such awards would be defeated.[5] When this Court in *Sutliff v. Sutliff, supra*, held that an order denying alimony pendente lite and counsel fees was a final, appealable order, our distinguished colleague Judge James R. Cavanaugh observed:

> ... [W]e recognize that some delay in the principal litigation may result because the general rule is that an appeal removes jurisdiction from the lower court, *see* Pa.R.A.P. 1701, but feel that this is necessary to insure the fair and impartial administration of justice, and protection of the rights of the dependent spouse. At the same time, we specifically recognize the special character of domestic relations cases, and our obligation to decide them as expeditiously as is reasonably possible.

*Id.* 326 Pa.Super. at 502, 474 A.2d at 601.

We are constrained, therefore, to vacate the final decree of divorce which was entered after the trial court had been divested of jurisdiction to proceed in the matter.[6]

The order of the trial court at appeal number 106, which denied appellant alimony pendente lite and awarded counsel fees in the amount of $200.00 is hereby vacated and the

**5.** Appellee suggests that where alimony pendente lite and counsel fees are denied to the *plaintiff* in a divorce action, no prejudice will result. We disagree. Economic claims may no longer be bifurcated pro forma from issues pertaining to entitlement of the parties to a divorce. Rather, an inquiry must be made in each case to determine if bifurcation is appropriate under the particular facts and circumstances of the case. *See Wolk v. Wolk,* 318 Pa.Super. 311, 464 A.2d 1359 (1983). Thus, even the plaintiff in a divorce action may be irreparably prejudiced by a denial of alimony pendente lite and counsel fees if the divorce action is permitted to proceed during the pendency of an appeal from the order denying alimony pendente lite and counsel fees.

**6.** Having concluded that the trial court was without jurisdiction to enter the final decree in divorce, we need not here consider whether the trial court erred in denying appellant's petition for a stay of proceedings.

334

matter remanded for further proceedings consistent with this opinion. The decree of divorce entered by the trial court and before us at appeal number 383, is hereby vacated. Jurisdiction is relinquished.