477 A.2d 883

**Frank A. DESCH, Appellant,**

v.

**Margaret D. DESCH.**

Superior Court of Pennsylvania.

Submitted Feb. 27, 1984.

Filed July 6, 1984.

J. Kerrington Lewis, Pittsburgh, for appellant.

Eric C. Rome, Pittsburgh, for appellee.

Before CAVANAUGH, WICKERSHAM and HOFFMAN, JJ.

CAVANAUGH, Judge:

This appeal is from an order entered in a divorce proceeding, converting a preexisting spousal support order into an order of alimony pendente lite. Appellant contends that he was improperly denied an opportunity to contest the entry of this converted order.

The parties to this appeal have lived separate and apart since 1962. A 1963 support order, as last amended in 1972, required appellant to pay his wife, appellee, spousal support in the amount of $65.00 per month. On October 27, 1980,

the lower court granted appellant a unilateral, section 201(d) divorce a.v.m., but retained jurisdiction to dispose of the economic aspects of the marriage. On November 19, 1980, the lower court, acting upon the *ex parte* motion of appellee, "converted" the then existing 1963 spousal "support" order into an otherwise identical order of "alimony pendente lite," pending adjudication of the economic aspects of the marriage.

The Divorce Code, Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 101, *et seq.* (Supp.1984), made fundamental changes in the law of divorce. Among other things, the Code allows "bifurcated" divorce proceedings, such as occurred in this case, where the divorce may be granted while the time-consuming adjudication of the more complex economic matters is deferred. In such a case, the economically dependent spouse could be placed at a great disadvantage during the interim period if his or her right to support were eliminated by the prior entry of the divorce decree. As a result, the law of support has appropriately evolved so as to generally continue the obligation for spousal support at pre-divorce levels pending resolution of the economic matters. *Wolk v. Wolk*, 318 Pa.Super. 311, 464 A.2d 1359 (1983); *Klein v. Klein*, 16 D & C 3 651 (1980).

In this case, the conversion of the preexisting order of "support" to an order of "alimony pendente lite" was merely a change in form and not substance. The underlying obligation remained unaltered and, therefore, did not require an opportunity for a hearing. Indeed, if the support obligation *had* been terminated or otherwise changed, then an opportunity for a hearing would have been required.

For the foregoing reasons, the order of the lower court is affirmed without prejudice to appellant to petition for modification upon a showing of changed circumstances since the 1972 amendment.

Order affirmed.