500 A.2d 876

**Robert J. McNULTY, Appellant,**

**v.**

**Joan E. McNULTY.**

Superior Court of Pennsylvania.

Argued May 2, 1985.

Filed Nov. 8, 1985.

J. Ross McGinnis, York, for appellant.

Keith R. Nonemaker, Hanover, for appellee.

Before TAMILIA, MONTGOMERY and ROBERTS, JJ.

TAMILIA, Judge:

This appeal lies from an Order awarding appellee alimony pendente lite, counsel fees and all expenses, including Master's and stenographer's costs.

The parties were married in 1979 and after chronic marital discord, separated in 1982. There were no children. In 1979, appellee, who had been working as a full time phlebotomist in a local hospital at a salary approximately one-half that of appellant's, reduced her hours to part time in order to return to school for her B.S. in nursing. Her eventual goal was to undergo two years graduate training as well, in order to become a nurse anesthetist. Because of appellant's disapproval of this ambition, it was agreed that appellee should undertake to satisfy her educational expenses, car payments, and medical bills out of her part time income. At the time of separation, two years after she entered training, appellee had nineteen credits to complete at a local (York) college. Appellant's refusal to supply any financial assistance subsequent to his filing of the divorce complaint necessitated appellee's return to the home of her parents in Milwaukee, Wisconsin, for which she incurred moving expenses. Her attendance at a college there resulted in considerable increase in expenditure for tuition, since the school required her to complete an additional 40 credits for graduation, at a greater cost per credit.

The parties lived together until May, 1982, when appellant filed for divorce alleging indignities to the person under section 201(a)(6) of the Divorce Code. In her answer, the appellee requested alimony pendente lite, alimony, counsel fees, costs, and equitable distribution of marital property pursuant to section 401 of the Code. Ultimately, the parties agreed to sign the consents necessary to obtain a 201(c) no-fault divorce and to have all matters regarding support and property determined by a court-appointed master.

■ In reviewing awards or denials of alimony pendente lite, counsel fees and expenses, we are limited to a determination of whether the trial court abused its discretion. *Prozzoly v. Prozzoly,* 327 Pa.Super. 326, 475 A.2d 820 (1984). Appellant has raised four issues, a separate challenge to each provision of the ordered award on abuse of discretion grounds.

It is first alleged that because the court ordered payment of alimony pendente lite on the basis of guidelines provided in section 501 [1] of the Divorce Code when section 502, [2]

1. 23 P.S. § 501. Alimony

(a) The court may allow alimony, as it deems reasonable, to either party, only if it finds that the party seeking alimony:

(1) lacks sufficient property, including but not limited to any property distributed pursuant to Chapter 4, to provide for his or her reasonable needs; and

(2) is unable to support himself or herself through appropriate employment.

(b) In determining whether alimony is necessary, and in determining the nature, amount, duration, and manner of payment of alimony, the court shall consider all relevant factors including:

(1) The relative earnings and earning capacities of the parties.

(2) The ages, and the physical, mental and emotional conditions of the parties.

(3) The sources of income of both parties including but not limited to medical retirement, insurance or other benefits.

(4) The expectancies and inheritances of the parties.

(5) The duration of the marriage.

(6) The contribution by one party to the education, training or increased earning power of the other party.

(7) The extent to which it would be inappropriate for a party, because said party will be custodian of a minor child, to seek employment outside the home.

(8) The standard of living of the parties established during the marriage.

(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage; however, the marital misconduct of either of the parties during separation subsequent to the filing of a divorce complaint shall not be considered by the court in its determinations relative to alimony.

provides none, the award order should be reversed and remanded for determination under the latter section. We agree that there is a problem concerning the order, but it is one of semantics alone, a point overlooked entirely by appellant and in part by the lower court.

The trial judge awarded alimony pendente lite as opposed to alimony, following the recommendations of the master, who divided the order between support, alimony and alimony pendente lite, presumably because the parties were not yet at the point wherein a divorce decree could be entered. There was no difference in the amount ordered for the period payable except as to designation. A support order was previously entered in the amount of $108 per week, but was suspended with all amounts collected being placed in escrow, pending the outcome of the divorce. This amount formed the basis, subsequently, for the alimony award. By

> (c) Unless the ability of the party seeking the alimony to provide for his or her reasonable needs through employment is substantially diminished by reason of age, physical, mental or emotional condition, custody of minor children, or other compelling impediment to gainful employment, the court in ordering alimony shall limit the duration of the order to a period of time which is reasonable for the purpose of allowing the party seeking alimony to meet his or her reasonable needs by:
>
> (1) obtaining appropriate employment; or
>
> (2) developing an appropriate employable skill.
>
> (d) In an order made under this section the court shall set forth the reason or reasons for its denial or award of alimony and the amount thereof.
>
> (e) Any order entered pursuant to this section is subject to further order of the court upon changed circumstances of either party of a substantial and continuing nature whereupon such order may be modified, suspended, terminated, reinstituted, or a new order made. Any such further order shall apply only to payment accruing subsequent to the petition for the requested relief. Remarriage of the party receiving alimony shall terminate the award of alimony.
>
> (f) Whenever the court shall approve an agreement for the payment of alimony voluntarily entered into between the parties, such agreement shall be deemed the order of the court and may be enforced as provided in section 503.[1]
>
> 1980, April 2, P.L. 63, No. 26, § 501, effective in 90 days.

**2.** 23 P.S. § 502. Alimony pendente lite, counsel fees and expenses

> The court may, upon petition, in proper cases, allow a spouse reasonable alimony pendente lite and reasonable counsel fees and expenses.

stipulation, the parties agreed that all matters would be heard and determined by the Master, including support, alimony pendente lite, alimony, costs and counsel fees, and distribution of marital property. Those determinations were made by the Master, and after denial of exceptions, affirmed by the court as to the amount. While the Master failed to delineate the support and alimony categories under distinct headings as required by Pa.R.C.P. 1920.54, as properly determined by the trial court, the findings were made and adequately supported by the record. The court then combined the categories into alimony pendente lite. We do not agree with the award of costs, as will be discussed below. Since the Master's award provided for $108 per week support from August 8, 1982 until November 15, 1982, and $108 per week alimony pendente lite until the divorce and $108 per week alimony from the divorce until August, 1983, the date of completion of appellee's schooling, the result was that alimony pendente lite was in effect until August, 1983, as the divorce did not occur until much later, and therefore, no actual "alimony" became payable. This was recognized by the court and resulted in the award being limited to alimony pendente lite. Support could have been awarded but as alimony pendente lite was requested, it more realistically applied to the divorce proceeding. "The obligation of support arises out of the marital relationship itself while alimony pendente lite is awarded only to enable the dependant spouse to maintain or defend the divorce litigation." Id., 327 Pa.Superior Ct. at 331, 475 A.2d at 823 (citations omitted). This does not mean, however, that alimony is not support and therefore not governed by the same considerations relevant to a support order.

A brief discussion of the relationship between support, alimony and the legislative intent of the Divorce Code of 1980, will serve to clarify the issues raised in this case. There are five procedural means provided by statute by which obligations to pay support are determined and enforced: 1) Support Proceedings, 42 Pa.C.S.A. § 6701 et seq., suspended by Actions for Support, Pa.R.C.P. 1910.1 et seq.;

2) The willful separation or nonsupport section of the Crimes Code, 18 Pa.C.S. § 4321; 3) Alimony pendente lite, counsel fees and expenses, 23 P.S. § 502; 4) Alimony, 23 P.S. § 501. The fifth procedure, which the support rules have not suspended, is an in rem procedure against real property under the provisions of Actions for Support and Maintenance, 48 P.S. § 131–141. None of the above affect private agreements between parties not incorporated into the divorce decree pursuant to 23 P.S. § 501(f), which are enforced pursuant to the laws of contract in an assumpsit action. *See Hollman v. Hollman,* 346 Pa.Super. 289, 500 A.2d 837 (1985).

The substantive law which creates the support obligation pursuant to statute is found in the Support Law, 62 P.S. § 1971 et seq.; Nonsupport, 18 Pa.C.S. § 4321 et seq.; Actions for Support and Maintenance, 48 P.S. § 132; Alimony, 23 P.S. § 501; Alimony pendente lite, 23 P.S. § 502; Definitions, 23 P.S. § 104. There is one unique characteristic of all of these statutory provisions in that they provide for enforcement of a duty of support arising at common law as an incidence of marriage. The duty to support is an incident of the marriage which is enforceable by operation of law. *Commonwealth ex rel. Smith v. Smith,* 260 Pa.Super. 203, 393 A.2d 1224 (1978). Alimony is a species of support and is defined at 23 P.S. § 104:

**"Alimony."**

An order for support granted by this or any other state to a spouse or former spouse in conjunction with a decree granting a divorce or annulment.

Alimony pendente lite is, likewise, by definition, support as defined in 23 P.S. § 104:

**"Alimony pendente lite"**

An order for temporary support granted to a spouse during the pendency of a divorce or annulment proceeding.

It has in common with "support" and "alimony" that it is a duty which is an incident of marriage. *Smith, supra.* It likewise is in common with "support" in that it terminates

with marriage. "Alimony" has in common with "support" and "alimony pendente lite" that it is a duty arising out of marriage but is distinguished in that it continues after divorce when fixed in conjunction with a divorce or annulment decree. Its purpose is not to reward one party and to punish the other, but rather to ensure that reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met. *Semasek v. Semasek*, 331 Pa.Super. 1, 479 A.2d 1047 (1984).

Thus, all three are species of support and as such, the relevant considerations in arriving at the amount are those elemental to any support order: duty of the obligor, need of the obligee, and ability to pay on the part of the obligor. The section on alimony (23 P.S. § 501) provides an extensive, though not exclusive, list of considerations the court may review in arriving at an alimony order. These same considerations most certainly are appropriate, with others, to be taken into account when considering any spousal support order, and since 23 P.S. § 502, Alimony Pendente Lite, is silent as to relevant considerations other than it being temporary in nature, there is no reason not to have these matters considered. Orders of support and alimony pendente lite, while not exclusive of each other, must be considered in conjunction with each other as they relate to the obligor's ability to pay, when both procedures are utilized. *Prozzoly, supra; Remick v. Remick*, 310 Pa.Super. 23, 456 A.2d 163 (1983). Likewise, while the rules, Actions for Support, Pa.R.C.P. 1910.1 et seq., apply to enforcement of support proceedings and 23 P.S. §§ 501, 502, 503 and 504 apply to alimony and alimony pendente lite, the enforcement procedures are identical. Also, pursuant to Pa.R.C.P. 1920.31(b)(1) relating to divorce or annulment actions, orders of alimony or alimony pendente lite may be enforced by the practice and procedure in actions for support (Pa.R.C.P. 1910.1 et seq.) and in the Divorce Code. The major differences in procedure are tactical; when child support and/or spousal support is desired, and divorce is not contemplated, the support proceeding under

Rule 1910.1 et seq. is the preferred procedure. When spousal support alone or with child support is sought, in conjunction with a divorce proceeding and a need exists for payment of lawyers fees and expenses, alimony pendente lite is suggested, whereas at the time a divorce decree appears imminent and continued spousal support is necessary, following divorce, a claim for alimony is in order. Pursuant to Pa.R.C.P. 1920.31, claims for child support, alimony, alimony pendente lite, counsel fees, and expenses may be joined. The difference in case posture controls the procedure but does not alter the underlying considerations and assessment of the support amount, except for the duration. While it is arguable that a consideration for alimony pendente lite, under section 502, without taking into account the factors listed under section 501, would favor the appellant, the likelihood that the order would be *less* is not justified. Section 502 is designed to sustain the spouse on a basis of equality with the other spouse while pursuing the divorce action, and those factors to be considered in section 501 might very well result in a nominal or nonexistent award at the time of divorce, whereas under section 502, without those considerations (such as section 501(a)(1), (b)(4), (10), (13)), the duty to support would warrant a substantial award. *Remick, supra.* Here, the wife was maintained in a position of relative equality with her situation prior to the filing of the divorce complaint, which is exactly what the code contemplated by section 502, provided the husband could sustain it in a nonconfiscatory fashion. Appellant, in his brief, argues precisely what we have discussed above, that alimony under section 501 may not have been justified as rehabilitative (which we do not accept) but he has no basis to make that argument for alimony pendente lite, pursuant to section 502. To return this case for consideration under section 502 of the Divorce Code, eliminating any application of factors listed in section 501, would be redundant and a waste of judicial time, particularly since the considerations merge and the claims are joined. Applying the mandate of the legislature, as expounded in the Divorce Code, § 102, Legislative findings

and intent, we cannot accept, as an abuse of discretion, the consideration by the court of some of the factors set forth under section 501, on a claim for alimony pendente lite under section 502, when the award of support was otherwise appropriate. In this instance, it would be elevating form over substance to no avail. It is clear from the trial court's discussion of the factors enumerated in section 501 to justify an award of support/alimony, that the award was prompted by a recognition of appellant's obligation to his spouse. Appellee's need for support was temporary consisting of a period of about one year to complete education embarked upon long before the divorce complaint was filed. In context, therefore, those factors enumerated under section 501 considered by the trial court are equally applicable in a given situation under section 502. Section 501 considerations in this case apply equally to an alimony, or alimony pendente lite award, and as seen above, appellee could also have maintained a separate support action with the same result. *Prozzoly, supra.* Section 502, however, is the sole basis for the award of counsel fees, expenses and costs which we address below.

Appellant next argues that the support award was an abuse of discretion because it contravened an oral agreement between the parties to the effect that appellant would not be responsible for appellee's educational expenses, and because appellee had a proven earning capacity as a phlebotomist. The assumption underlying appellant's claim is that because his wife had some employable skills and because he has, from the outset, disapproved of her increasing them, his marital obligation is obviated. The other facet of this argument is that even if it was appropriate to consider this award pursuant to section 501, appellee should not prevail.

■ As the lower court points out, the "appropriate employment" referred to in section 501(c) does not refer to "any" employment. "It means employment that is suited to the expectancies and abilities of the parties." (Lower Court Slip Op. at 6) To decide otherwise would, in fact, undermine the intent of rehabilitative maintenance since nearly

all dependant spouses who win such awards could, theoretically, obtain employment in some menial and unskilled capacity. The award is of fixed duration, and its object is to achieve an approximation of parity, both of which are goals described by our case law. *Ruth v. Ruth*, 316 Pa.Super. 282, 462 A.2d 1351 (1983); *Geyer v. Geyer*, 310 Pa.Super. 456, 456 A.2d 1025 (1983). Such an award is intended to have long term effect in that it looks to the spouse's ability, by developing a potential for self-support, to obtain complete autonomy. We agree with the maxim that "rehabilitative alimony is most appropriate where the dependant spouse is still young, the marriage of relatively short duration, and the dependant spouse has the ability to develop or redevelop qualifications for self-support." 24 Am.Jur.2d *Divorce and Separation*, § 746. Such a factual situation obtains here.

■ The amount of time necessary for appellee to educate herself into appropriate employment as a registered nurse (rather than her eventual goal as an anesthetist) was amply demonstrated and the award fashioned accordingly. There was no abuse of discretion by the court in so doing.

■ Appellant next argues that the award of counsel fees and expenses was improperly made. His argument is the same upon which he would have denied appellee support. Our basis for review in deciding whether the court has properly awarded counsel fees and expenses is also an abuse of discretion standard. *Remick, supra.* The trial court found these were reasonable, directly related to the action under consideration, and that such an award facilitated economic justice. We, too, find this case to be a proper one for such payments under section 502.

■ Finally, it is contended that the court should not have assessed appellant for the Master's and stenographer's charges, citing *Fried v. Fried*, 326 Pa.Super. 271, 473 A.2d 1087 (1984) in support. In that case, we held that such costs, defined to include Master's and stenographic fees by Pa.R.C.P. 1920.62(a), could only be assessed upon final

resolution of the case under section 401(b) of the Divorce Code.

Appellee argues that the award was proper since funds had been placed in escrow by appellant with the agreement of both parties that they could be expended for such purpose. However, given the specificity of section 401(b), that provision governs. The escrow funds therefore become available for support or may be retained for the award of Master's fees and stenographer's costs as determined by the court "upon final disposition" of the case which usually occurs when the decree is entered. It may well be that by the time we have filed this Opinion these matters may be capable of disposition. They are, however, beyond our purview.

It is hereby ordered that the Order of the court below as to alimony pendente lite and counsel fees be affirmed and the Order as to Master's and stenographic fees be vacated. Case remanded for such further orders required as to the escrow account consistent with this Opinion.

Jurisdiction is relinquished.