518 A.2d 319

**Jay A. RITTER**

v.

**Robert H. RITTER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1986.

Filed Dec. 5, 1986.

---

**1.** Pa.R.App.P. 312 pertains to interlocutory appeals by permission.

14

Alvin J. Luschas, Bloomsburg, for appellant.

Robert W. Buehner, Jr., Danville, for appellee.

Before McEWEN, DEL SOLE and TAMILIA, JJ.

TAMILIA, Judge:

Appellant/husband filed a divorce action against appellee/wife on September 9, 1985. The present matter was commenced by appellee's answer's request for alimony pendente lite or spousal support and for child support for the parties' two-year old son, Jason.[1] After review, the Domestic Relations Officer recommended an award of $350 per month spousal support and $500 per month child support, for a total of $850 per month. Following a de novo hearing, the lower court basically adopted the recommendations of the Domestic Relations Officer but decreased the spousal support to $300 per month and also ordered payment of $50 per month on account of the arrearages. Appellant timely appealed this Order.

Appellant seeks to alter the lower court's spousal support Order by claiming that the court erred in failing to take into account appellant's reasonable expenses in setting the spousal support Order. We find appellant's attempt to appeal the spousal support Order premature. This portion of the appellant's appeal is controlled by *Fried v. Fried*, 509 Pa. 89, 501 A.2d 211 (1985), in which our Supreme Court held that interim relief orders in divorce cases are "interlocutory and thus not reviewable until final disposition of the case." In discussing alimony pendente lite, the Supreme Court explained:

> [I]t was previously held that the payor spouse was entitled to immediate appeal because the amounts paid under such order would be irretrievable. This reasoning, how-

---

1. The lower court's Opinion notes that the appellee's request for alimony pendente lite or spousal support and child support came before it through appellee's answer to appellant's divorce complaint. However, the record reveals that appellee filed a Complaint for Support on February 3, 1986, twenty-four days after the lower court's January 10, 1986 Order disposing of the support matters—which Order is the subject of the instant appeal. This inconsistency is disconcerting, appellee's purpose for filing the support complaint is unexplainable. Appellee could have elected to file for support independently of the divorce action under Pa.R.C.P. § 1910.1 *et seq.* but once an Order was entered for support, pursuant to joinder under the divorce action, further proceedings for support would appear to be barred.

ever, fails under the Divorce Code of 1980. As stated in Judge Beck's dissent, "... the new provisions of the Divorce Code authorizing equitable distribution of marital property and permanent alimony have taken away any reason to fear that funds once paid out pursuant to an interim award are unrecoverable." *Sutliff* [*v. Sutliff*], *supra*, 326 Pa.Super. [496] at 504, 474 A.2d [599] at 603 [(1984)] (Beck, J., dissenting). In the event that an initial award of interim relief is granted in error, the court has the power to make adjustments in the final settlement via the equitable division of marital property, permanent alimony, and/or the final award of attorney's fees and costs. Thus, under the new Code the conclusion that a grant of interim financial relief may result in the irreparable loss of a claimed right cannot be supported. We hold, therefore, that such an order is interlocutory and thus not reviewable until final disposition of the case.

*Id.*, 509 Pa. at 96, 501 A.2d at 215. While *Fried* dealt with an Order issued pursuant to section 502 of the Divorce Code, 23 P.S. § 502, we hold the same "strong policy considerations" apply to a spousal support Order. Spousal support and alimony pendente lite are indistinguishable in the context of a divorce action. Therefore, we are without jurisdiction to entertain appellant's interlocutory appeal as to spousal support and accordingly quash that portion of the appeal.[2]

Appellant's remaining arguments involve the child support portion of the Order. We would distinguish child support from spousal support in a divorce action as the same considerations do not apply. In *Fried, supra,* the Supreme Court made clear that any inequities that might arise between husband and wife as to alimony or support can be rectified when their mutual property claims are

2. This does not, however, apply to those cases where an independent complaint in support, pursuant to Pa.R.C.P. 1910.1 *et seq.*, was joined with the divorce complaint for resolution pursuant to the Divorce Code, 23 P.S. § 301 Jurisdiction. In those cases, the integrity of the support complaint is maintained and is appealable within thirty (30) days pursuant to Pa.R.C.P. 1910.11 and 1910.12.

adjusted. This is not the case with child support since the child has no claim on the division of marital property. In addition, while the adults can generally look to other sources of revenue to maintain themselves during litigation, the child is totally dependent on its parents for support; its needs are immediate and continuing, and in particular, any deficiency is unlikely to be recovered. We believe the child support Order requires review to protect the interest of the child, to avoid hardship, and to assure uninterrupted maintenance by its parents.

■■■ Appellant claims the trial court erred in entering a child support Order in excess of the child's properly calculated needs and in failing to take into account the reasonable expenses of the appellant in setting the child support Order. Our scope of review in support cases is limited. It is within the trial court's discretion to determine the amount of a support Order, and its judgment should not be disturbed on appeal absent a clear abuse of that discretion. *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984); *Commonwealth ex rel. Loring v. Loring*, 339 Pa.Super. 92, 488 A.2d 324 (1985). "On appeal, a trial court's child support order will not be disturbed unless there is insufficient evidence to sustain it or the court abused its discretion in fashioning the award." *Fee v. Fee*, 344 Pa.Super. 276, 279, 496 A.2d 793, 794 (1985); *Commonwealth ex rel. Robinson v. Robinson*, 318 Pa.Super. 424, 465 A.2d 27 (1983). A finding of abuse will be made only upon a showing of clear and convincing evidence. *Koller v. Koller*, 333 Pa.Super. 54, 481 A.2d 1218 (1984).

In attacking the child support Order, appellant argues the lower court did not properly apply the support formula enunciated in *Melzer, supra*. [3] Appellant relies upon the income and expense statement appellee filed with the Domestic Relations Officer, which is a part of the Domestic Relations Officer's report and is contained in the certified

3. This Court reviewed the application of the *Melzer* formula in *Riess v. DeLuca*, 353 Pa.Super. 622, 510 A.2d 1239 (1986) (Tamilia, J., concurring).

record on appeal to this Court. Appellant maintains that a child support award of $500 is inconsistent with the $211 amount appellee had calculated to be the reasonable needs of the child and which appears on the income and expense statement in the record.

In opposition to appellant, appellee contends that in determining the support award the lower court considered her Plaintiff's Exhibit B, which is a revised income and expense statement, submitted during the hearing, with a substantially higher amount for the reasonable needs of the child. Appellee states:

> Unfortunately, the Appellant's entire arguement [sic] and case is based upon the fact that Plaintiff's Exhibit B does not exsist [sic] or is a different type of Exhibit. However, Plaintiff's Exhibit B does exsist [sic] as set forth in the Supplemental Reproduced Record given to the Court by the Appellee. Certainly the Court took this into consideration when making its decision.

Brief for Appellee at 5.

We are not so certain that the lower court "took this into consideration when making its decision." In his Opinion, Judge Myers states, "[m]ore detailed income and expense information was made a part of the Domestic Relations Report and is incorporated by reference herein." (Slip Op. at 2). This would include only appellee's first income and expense information statement upon which appellant relies. However, the hearing transcript clearly shows that appellee's counsel entered into evidence the updated income and expense report, as well as another exhibit, over appellant's objection (H.T. 12/10/85, pp. 11, 22–23). Even though the appellee properly admitted the exhibits during the hearing, they do not appear in the certified record on appeal to this Court. Additionally, the official docket entries which were forwarded to this Court are silent as to any exhibits entered by either party during the hearing.

It is well settled that an appellate court can only consider the certified record on appeal when reviewing a case. *Commonwealth v. Young*, 456 Pa. 102, 317 A.2d 258

(1974); *Anmuth v. Chagan,* 295 Pa.Super. 32, 440 A.2d 1208 (1982). The material in appellee's "Supplemental Reproduced Record" was not included in the record as certified and transmitted by the lower court and, therefore, cannot be considered in our review. *General Accident Fire & Life Assurance Corp., Ltd. v. Flamini,* 299 Pa.Super. 312, 445 A.2d 770 (1982). However, it is within our power to remand a case with instructions for further proceedings in which documents not properly before us can be considered by the lower court. 42 Pa.C.S.A. § 706; *Anmuth, supra.*

■ Pennsylvania Rule of Appellate Procedure 1921 provides: "The original papers *and exhibits* filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court shall constitute the record on appeal in all cases." (Emphasis added). Further, Pa.R.A.P. 1926 states in part:

> If any difference arises as to whether the record truly discloses what occurred in the lower court, the difference shall be submitted to and settled by that court after notice to the parties and opportunity for objection, and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the lower court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted.

"Where it is impossible for the appellate court to decide a case because the record is incomplete, the case should be remanded to the lower court for clarification and completion of the record." *Johnson v. Keystone Insurance Company,* 299 Pa.Super. 187, 193, 445 A.2d 517, 520 (1982) (remand necessary when record contains neither a transcript of a master's hearing nor a master's report and parties disagree

as to what evidence was actually presented at the hearing, and trial court's Opinion has no findings of fact and no discussion of facts); *Pawol v. Pawol,* 293 Pa.Super. 29, 437 A.2d 974 (1981) (remand necessary if impossible for the appellate court to consider all relevant factors before entering an Order increasing support where there is no transcript of the support hearing).

■ In view of the importance of the information contained in the appellee's exhibits properly admitted at the lower court's hearing, but not now part of the record on appeal, we remand this case, without relinquishing jurisdiction, so that the court below can correct the omission in the record. Additionally, we direct the court to comment on its use of the exhibits' information in determining the child support award.

For the above stated reasons, we quash that portion of appellant's appeal concerning spousal support and remand that portion of the case dealing with the award of child support for amplification of the record in accordance with this Opinion. The trial court is directed to schedule a hearing to complete the record and return the completed record to this Court within sixty days of the filing of this Opinion.

Panel jurisdiction relinquished; case jurisdiction retained.