520 A.2d 466

**Diana LEVINE, Appellee,**

v.

**William LEVINE, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 4, 1986.

Filed Jan. 27, 1987.

David L. Creskoff, Philadelphia, for appellant.

Arnold Machles, Philadelphia, for appellee.

Before WICKERSHAM,* OLSZEWSKI, and BECK, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order denying the exceptions filed by appellee-wife and appellant-husband from the recommendation of the master-in-support and ordering the

---

* Panel denied appellant's petition to discontinue appeal by order dated January 21, 1987; Wickersham, J., would have granted same.

appellant to pay $32.50 per week in spousal support and $65.00 per week in child support. Appellant argues in this appeal that the trial court abused its discretion in increasing, rather than decreasing, the amount of the child support and in failing to terminate spousal support.

On March 9, 1983, appellant was ordered by the trial court to pay $65 per week toward the support of his wife and his thirteen-year-old daughter. The parties were divorced on April 27, 1984. The trial court entered a bifurcated divorce decree and, consequently, did not dispose of the economic issues ancillary to the divorce. On July 6, 1984, appellant filed a petition to modify the support order of March 9, 1983, by requesting a decrease in the amount of the order. Appellee shortly thereafter filed a petition to increase the amount of the support order. After a hearing, the master-in-support recommended that appellant pay $32.50 per week in spousal support and $65 per week in child support. Both appellant and appellee filed exceptions to the master's proposed order. On September 24, 1985, the trial court denied the exceptions of both parties and ordered appellant to pay $32.50 per week in spousal support and $65 per week in child support. The trial court did not convert the order for spousal support into an order for alimony pendente lite either at the time of the divorce or in the September 24, 1985, order from which the appellant is now appealing.

In reviewing spousal or child support orders, an appellate court may not interfere with the determination of the lower court unless there has been a clear abuse of discretion. *Remick v. Remick,* 310 Pa.Super. 23, 456 A.2d 163 (1983). We find that the trial court has not abused its discretion by increasing, rather than decreasing, the amount of the child support order. The trial court's opinion adequately disposes of the issues raised by appellant with respect to the child support order and consequently, we affirm that portion of the trial court's order increasing the amount of child support. Regarding appellant's claim that

the trial court abused its discretion in failing to terminate spousal support, we reverse the trial court's order.

The characterization of the payments to appellee has proven troublesome in this case. The confusion was the result of several factors: the trial court's continued reference to the payments as spousal support in its September 24, 1985, order even though the parties were divorced; the trial court's failure to consider the nature of the payments in its opinion; appellant's reference to the payments in his brief as spousal support; and appellee's reference to the payments in her brief as alimony pendente lite.

■ Appellee, relying on *Desch v. Desch*, 329 Pa.Super. 22, 477 A.2d 883 (1984), argues that after the divorce of the parties, the trial court automatically continued appellee's award in the form of alimony pendente lite. We, however, find that *Desch* does not apply in this case. The *Desch* case involved an order of the trial court which converted a pre-existing spousal support order into an order of alimony pendente lite. In the present case, the trial court has not converted the order of spousal support into an order of alimony pendente lite. While an order of spousal support may be converted properly into an order of alimony pendente lite by the trial court, the *Desch* case cannot be read as supporting the conclusion that an order of spousal support is automatically converted into an order of alimony pendente lite upon the trial court's entry of a bifurcated divorce decree. This Court has long recognized that an award of spousal support is separate and distinct from an award of alimony pendente lite. *See Prozzoly v. Prozzoly*, 327 Pa. Super. 326, 475 A.2d 820 (1984). *See also Hutchison v. Hutchison*, 492 Pa. 118, 422 A.2d 501 (1980) (support is cause of action separate and distinct from alimony pendente lite).

■ Spousal support and alimony pendente lite each serve a sharply distinct purpose. The purpose of an order of support is to assure a reasonable living allowance to the party requiring support. *See Commonwealth v. Turner*, 258 Pa.Super. 388, 392 A.2d 848 (1978). The duty of provid-

ing spousal support arises out of the marital relationship itself and terminates when the marriage ends. *See Remick v. Remick,* 310 Pa.Super. 23, 456 A.2d 163 (1983). Alimony pendente lite, on the other hand, is awarded to sustain the dependent spouse on a basis of equality with the other spouse while maintaining or defending the divorce action. *See McNulty v. McNulty,* 347 Pa.Super. 363, 500 A.2d 876 (1985). We recognize that the circumstances of the parties are subject to changes throughout each of the steps in the dissolution of the marriage—living separate and apart, pending divorce, and after divorce. The trial court, consequently, must consider these changes in deciding whether to terminate the award, grant a new form of award, or change the amount of the award.

We recognize that in *Ritter v. Ritter,* this Court stated that "(s)pousal support and alimony pendente lite are indistinguishable in the context of a divorce action." 359 Pa.Super. 12, 16, 518 A.2d 319, 321 (1986). *Ritter,* however, is limited to the procedural issue of the appealability of an order for spousal support where the wife requested either spousal support or alimony pendente lite in her answer to the husband's divorce complaint rather than through an independent complaint for support or alimony pendente lite. *See id.,* 359 Pa.Superior Ct. at 16, n. 2, 518 A.2d at 321, n. 2. Thus, *Ritter* is distinguishable from the instant case.

Since the trial court entered a bifurcated divorce decree in the present case, the award of spousal support could have been converted into an order of alimony pendente lite, pending adjudication of the economic aspects of the marriage.[1] Otherwise, "the economically dependent spouse

---

1. We recognize that orders of support and alimony pendente lite are not exclusive of each other. *See McNulty v. McNulty,* 347 Pa.Super. 363, 500 A.2d 876 (1985). Once a divorce action is initiated, a spouse who is receiving support is not precluded from pursuing a separate action for alimony pendente lite. The trial court will consider orders of support and alimony pendente lite in conjunction with each other as they relate to the obligor's ability to pay. *See McNulty, supra.* After the trial court's entry of the divorce decree, however, spousal support and alimony pendente lite must end. But if a *bifurcated* divorce decree is entered, spousal support must be terminated where-

could be placed at a great disadvantage during the interim period if his or her right of support were eliminated by the prior entry of the divorce decree." *Desch,* 329 Pa.Super. at 24, 477 A.2d at 884. In the present case, however, appellee-wife failed to have the award converted from spousal support into an award of alimony pendente lite. Because the parties to the instant appeal are currently divorced, appellant-husband's duty to provide spousal support has ended. Consequently, we reverse the trial court's order of spousal support.

Order affirmed in part and reversed in part.

as payments in the form of alimony pendente lite may continue, pending the trial court's disposition of the economic aspects of the marriage.