538 A.2d 1362

**Dena DUBIN, Appellant,**

v.

**Stanley DUBIN.**

Superior Court of Pennsylvania.

Argued Jan. 13, 1988.

Filed March 16, 1988.

Neil Hurowitz, King of Prussia, for appellant.

Emanuel A. Bertin, Norristown, for appellee.

Before CAVANAUGH, ROWLEY and POPOVICH, JJ.

PER CURIAM:

This is an appeal by Dena Dubin, appellant, from the trial court's order of February 20, 1987, making an unallocated

award for the support of appellant and one child of $600 per week from January 28, 1986 through December 31, 1986, and of $500 per week thereafter. Appellant's claims for support for herself and the parties' child were filed as part of her divorce action. Appellee Stanley Dubin asserts, *inter alia,* that an *unallocated* award of spousal and child support is interlocutory and therefore not appealable until the final disposition of the case. He requests that the appeal be quashed. Appellant counters that where the trial court's order is not allocated between spousal and child support, the need to protect the child's welfare requires that the trial court's order be considered final and immediately appealable in its entirety.

Appellant's concern for the welfare of the child involved in a divorce action is shared by the courts of this Commonwealth. A child support order, because of the need to ensure the child's uninterrupted maintenance, is immediately appealable. *Ritter v. Ritter,* 359 Pa.Super. 12, 17, 518 A.2d 319, 322 (1986). The instant appeal, insofar as it is from the trial court's award of child support, is therefore properly before us. At the same time, the law "abhors 'piecemeal determinations and the consequent protraction of litigation.'" *Fried v. Fried,* 509 Pa. 89, 97, 501 A.2d 211, 215 (1985) (quoting *Sullivan v. Philadelphia,* 378 Pa. 648, 649, 107 A.2d 854, 855 (1954)). Thus, orders of interim relief in the form of alimony *pendente lite* and counsel fees and expenses, issued pursuant to section 502 of the Divorce Code, 23 P.S. § 502 (Supp.1987), have been held to be interlocutory and therefore not appealable. *Fried v. Fried, supra.* Appellant contends that she was awarded spousal support rather than alimony *pendente lite.* However, because spousal support and alimony *pendente lite* are indistinguishable in the context of a divorce action, an order awarding spousal support in a divorce action is also interlocutory. *Ritter v. Ritter,* 359 Pa.Super. at 16, 518 A.2d at 321.

The order in question does not specify what portion of the support award is for the child and what portion for the spouse. Therefore, we are unable to undertake a meaningful review of appellant's claims concerning the former. We decline to treat the entire award as an unreviewable award of spousal support, for doing so would entail the possibility that the child's interests would be harmed in the period preceding final disposition of the case. At the same time, our Supreme Court has made it abundantly clear that appeals of orders granting interim relief in divorce proceedings produce "disastrous" results and will no longer be allowed. *Fried v. Fried, supra.* If we allow appellant, and other litigant spouses whose claims for support have been joined with those of their children, to obtain appellate review of an unallocated support award in its entirety, we will have created a major loophole in the holdings of *Fried* and *Ritter.*

Therefore, we hold that where the trial court, in the course of a divorce action, awards interim spousal support, whether as "alimony *pendente lite* " or as "spousal support," and child support in the same order, the court shall specify the amount intended for the support of the child and the amount intended for the support of the spouse. We will then be in a position to review the child support award if it should be appealed. The portion of the award that is allocated for spousal support, on the other hand, will be interlocutory and unappealable. This procedure will enable us to uphold the policy of *Fried* and *Ritter* against piecemeal appeals without at the same time holding the needs of the child hostage to the often-protracted litigation undertaken by the parents. Accordingly, we remand this case to the trial court with instructions to file, within twenty days, an amended order allocating the support award in accordance with our holding herein. The amended trial court order shall be promptly certified to this court.

Case remanded with instructions. Superior Court and panel jurisdiction retained.