564 A.2d 995

**Aliette S. HORN, Appellee,**

v.

**Ronald A. HORN, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 14, 1989.

Filed Oct. 2, 1989.

---

Gary Kalmeyer, Pittsburgh, for appellant.

Mark Mansour, Asst. Public Defender, Greensburg, for appellee.

Before OLSZEWSKI, MONTEMURO and HOFFMAN, JJ.

OPINION BY OLSZEWSKI, Judge:

This is an appeal from the denial of a request for reduction of spousal support. The background of this case is somewhat convoluted. The court of common pleas entered an order requiring appellant to pay appellee $700 per month in spousal support. Subsequently, appellant and appellee

became entangled in divorce litigation, filed separately at a different term of court.[1] The divorce litigation was bifurcated, and the judge in that action ordered "that the Order of Support entered at No. 1104 of 1984, D.R. 36349 shall continue as Alimony Pendente Lite."[2]

Appellant then filed the present action, a request for reduction of support. The court of common pleas denied the request, noting that a decision in the divorce action is "imminent" and "will resolve ... the issue of alimony." This appeal followed.

The only issue properly before the trial court was the issue of spousal support. The trial court's opinion addresses the issue of alimony pendente lite, rather than spousal support; accordingly, this appeal must be dismissed and the case remanded for a hearing and findings on the issue of spousal support.

This Court has repeatedly held that spousal support and alimony pendente lite are distinct concepts.[3] *See generally, Prozzoly v. Prozzoly*, 327 Pa.Super. 326, 475 A.2d 820 (1984); *Wargo v. Wargo*, 184 Pa.Super. 587, 136 A.2d 163 (1957). The duty to provide spousal support is derived from marital obligations, *White v. White*, 226 Pa. Super. 499, 313 A.2d 776 (1973), and that duty terminates when the marriage does, *Remick v. Remick*, 310 Pa.Super. 23, 456 A.2d 163 (1983). Spousal support is designed to ensure the dependent spouse a reasonable living allowance. *Levine v. Levine*, 360 Pa.Super. 297, 301, 520 A.2d 466, 468 (1987). The duty to provide alimony pendente lite arises upon the commencement of litigation and continues until all

1. No. 1944 of 1985D in the Court of Common Pleas of Westmoreland County.

2. This purported "conversion" may be the source of the confusion in the present action. In appropriate circumstances, a support order can be converted to alimony pendente lite, *Levine v. Levine*, 360 Pa.Super. 297, 301, 520 A.2d 466, 467 (1987); *Desch v. Desch*, 329 Pa.Super. 22, 24, 477 A.2d 883, 884 (1984); however, this can only be done by the court which entered the support order. *See* Pa.R.Civ.P. 1910.18.

3. This distinction was not undermined by our holding in *Ritter v. Ritter*, 359 Pa.Super. 12, 16, 518 A.2d 319, 321 (1986). *Ritter* merely recognized that spousal support and alimony pendente lite are indistinguishable for the purpose of determining appealability.

of the economic issues are settled. *Wolk v. Wolk,* 318 Pa.Super. 311, 464 A.2d 1359 (1983). Alimony pendente lite is designed to allow a dependent spouse to pursue the divorce litigation, *Keller v. Keller,* 275 Pa.Super. 573, 419 A.2d 49 (1980). Spousal support and alimony pendente lite are not mutually exclusive, *Remick v. Remick,* 310 Pa.Super. 23, 456 A.2d 163 (1983), nor interdependent, *Keller v. Keller,* 275 Pa.Super. 573, 419 A.2d 49 (1980) (support obligation ended, but alimony pendente lite obligation continued).

■ The trial court's opinion and appellant's brief address the issue of alimony pendente lite, rather than spousal support. The issue of alimony pendente lite is part of the divorce action at No. 1944 of 1985D; the trial court had no authority to address that issue. *Cf.* Pa.R.Civ.P. 1910.18 (proceedings to modify or terminate support must be brought in the court which entered the order). Instead, the trial court should have addressed the appropriateness of continuing the $700 per month spousal support award, given the fact that the marriage has been terminated. This appeal is therefore dismissed and remanded to the trial court for appropriate proceedings.

Appeal dismissed. Remanded for hearing and findings on request for reduction of support. Jurisdiction relinquished.