531 A.2d 509

**Robert W. ANKROM**

v.

**Patricia A. ANKROM.**

**Appeal of USX CORPORATION, Formerly United States Steel Corporation.**

Superior Court of Pennsylvania.

Argued March 17, 1987.

Filed Sept. 24, 1987.

James T. Carney, Assistant District Attorney, Pittsburgh, for appellant.

J. Marie Webb, Waynesburg, Assistant Public Defender, for appellee.

Before ROWLEY, DEL SOLE and TAMILIA, JJ.

ROWLEY, Judge:

This appeal presents the issue of whether an employer may collect, by means of a wage attachment, a judgment obtained by it against its employee as restitution for the employer's satisfaction of a judgment against the employee and in favor of the employee's former wife for debts unrelated to the employee's support obligations. We hold that the employer's judgment cannot be satisfied by a wage attachment order because it does not fall within one of the three exceptions to the statute exempting wages from attachment. 42 Pa.C.S. § 8127.

In February, 1985, following a lengthy history of proceedings in both Pennsylvania and Ohio commencing in the early 1980's, U.S. Steel Mining Co., Inc. presented a motion to the Greene County Court of Common Pleas to allow it to attach

the wages of its employee, Robert Ankrom, appellee, and to hold such payments in escrow in order to create a fund from which it could obtain restitution for an Ohio judgment paid by USX, the Mining Company's parent corporation, and appellant herein. The judgment which USX paid was a judgment obtained by appellee's former wife, Patricia Ankrom, against USX in an amount equal to an Ohio judgment which Patricia Ankrom had against appellee.[1] Part of the judgment which Patricia Ankrom had against appellee was for child support, and part of it, as found by the trial court, represented appellee's obligation "for settlement of marital property" to his former wife. USX contends that by its payment of the judgment against it, it has also satisfied the Ohio judgment in favor of Patricia Ankrom against Robert Ankrom.[2]

Within a few weeks of Judge Grimes being elected and sworn in as President Judge of Greene County, in January, 1986, he ordered a hearing on the pending motion of U.S. Steel Mining Co., Inc. for February 17, 1986. That hearing was continued. On or about March 18, 1986, USX presented a motion to Judge Grimes requesting that two of the trial court's earlier orders that prohibited the attachment of appellee's wages be dissolved. An evidentiary hearing was

1. The Ohio judgment obtained by Patricia Ankrom against USX was a default judgment imposed as a sanction for USX's failure to comply with a wage attachment order Patricia Ankrom had obtained from the Ohio courts to satisfy her judgment against appellee. According to the trial court's opinion in this case, USX was provided two opportunities to appear in court to present its defense for failure to comply with the Ohio wage attachment order. However, USX failed to appear for either hearing, and therefore, the default judgment was entered.

2. See page 3 of United States Steel Corporation's brief filed in the trial court on August 21, 1986.

No satisfaction of either the Ohio judgment against USX or the Ohio judgment against appellee has been filed in the Pennsylvania proceedings pursuant to the Uniform Enforcement of Foreign Judgments Act. 42 Pa.C.S. § 4306. Patricia Ankrom's Ohio judgment against appellee purportedly has been filed in Pennsylvania pursuant to the Uniform Enforcement of Foreign Judgments Act, and no party has argued otherwise. Therefore, whether or not there has been adequate compliance with the Act is not an issue before us and we do not address it.

ultimately held on August 14, 1986, following which the trial court entered the following order on August 19, 1986:

AND NOW, this 19th day of August, 1986, the U.S. Steel Mining Company, Inc., a subsidiary of USX, formerly United States Steel Corporation, is authorized to attach the sum of $2,811.21 from the wages of Robert W. Ankrom at a rate of no greater than $400.00 per month with the balance of $12,848.43 hereby entered as a judgment at the above number and term against Robert W. Ankrom.

It is this order from which USX has taken this appeal.[3] The trial court, in entering its order, found that of the amount paid by USX to the former Mrs. Ankrom, only $2,811.21 was for "direct support" and "medical expenses." The court held that such obligations were payable by attachment of appellee's wages. The balance of the amount claimed by USX was, according to the trial court, "for settlement of marital property" and as to that amount USX "must be treated no differently than any judgment debtor/judgment creditor relationship under Pennsylvania law."

It is important to note that Robert Ankrom has not appealed from that part of the order entering judgment in the amount of $12,848.43 against him nor from that part of the order authorizing his employer to attach his wages and collect an additional sum up to the amount of $2,811.21. Therefore, we do not have before us and do not decide the propriety of those parts of the order. On the contrary, the only question before us is whether the trial court erred in failing to authorize USX to collect its judgment in the amount of $12,848.43 by attaching Robert Ankrom's wages.

**3.** During the course of earlier proceedings in the trial court, appellee raised the question of USX's standing to litigate these matters. Since it was the parent corporation of appellee's employer, U.S. Steel Mining Company, Inc., the trial court held that both corporations had standing to litigate the issues raised. No appeal was taken from that determination. Given this fact as well as the fact that USX has paid the Ohio judgment, and further that the appellee has not objected to USX's standing to appeal, we conclude that USX is an "aggrieved party" with standing to appeal under Pa.R.A.P. 501. See: *Louden Hill Farm, Inc. v. Milk Control Commission,* 420 Pa. 548, 217 A.2d 735 (1966).

■ USX argues that it should be authorized to attach Robert Ankrom's wages to recover the $12,848.43 because Pennsylvania must give full faith and credit to an Ohio wage attachment order against it obtained by Patricia Ankrom in an effort to obtain satisfaction of her judgment against her former husband. This argument purports to make an issue out of matters entirely irrelevant to the order which has been appealed. The order from which USX has appealed makes no reference to enforcement of Patricia Ankrom's Ohio judgment against her husband; nor does it authorize Robert Ankrom's wages to be attached for payment to Patricia Ankrom in satisfaction of her judgment. The August 19, 1986 order also does not involve Patricia Ankrom's Ohio judgment against USX for a sum equal to her judgment against Robert Ankrom. The August 19, 1986 order entered judgment for U.S. Steel Mining Co., Inc. and against Robert Ankrom. Thus any wage attachment of the $12,848.43 would be to satisfy a *Pennsylvania* judgment, i.e., the judgment obtained by U.S. Steel Mining Co., Inc. against Robert Ankrom on August 19, 1986. Appellant's argument that the issue on appeal involves a question of applying the full faith and credit clause of the United States Constitution to an Ohio wage attachment order obtained by Patricia Ankrom for satisfaction of a judgment in favor of Patricia Ankrom and against Robert Ankrom diverts attention from the true nature of the order appealed from. We therefore hold that the full faith and credit clause does not require that appellee's employer be permitted to attach his wages in order to satisfy its judgment.[1]

■ As to the question of whether, under Pennsylvania law, USX may obtain satisfaction of its judgment against Robert Ankrom for $12,848.43 by means of a wage attach-

---

**4.** Even if this case involved a question of giving full faith and credit to an Ohio judgment, the result we would reach would be the same as our conclusion here because we would still have to apply Pennsylvania law to the question of whether the wages could be attached. The general rule is that the law of the forum determines the methods by which a foreign judgment may be enforced. *Fire Insurance Co. v. Paste-Ups Unlimited, Inc.,* 368 F.Supp. 219 (D.C.N.Y.1973).

ment, the law, as well as the public policy of Pennsylvania is unmistakeably clear that it cannot.

Pennsylvania law provides:

### § 8127. Personal earnings exempt from process

The wages, salaries and commissions of individuals shall while in the hands of the employer be exempt from any attachment, execution or other process except upon an action or proceeding:

(1) For support.

(2) For board for four weeks or less.

(3) Under the act of August 7, 1963 (P.L. 549, No. 290), referred to as the Pennsylvania Higher Education Assistance Agency Act.

42 Pa.C.S. § 8127.

The terms of this statute leave no doubt that a person's wages may only be attached with regard to proceedings for one of three purposes: for support, for board for four weeks or less, or for an educational PHEAA loan. From all other types of proceedings to collect on a financial obligation, wages are exempt. In this case, U.S. Steel Mining Co. Inc.'s judgment against Robert Ankrom is not pursuant to the PHEAA Act, nor is it for board. It also is not for support since Robert Ankrom has no obligation to support his employer corporation. If the order which USX appeals had provided that appellant's wages were to be attached and paid to Patricia Ankrom in satisfaction of Robert Ankrom's obligation of support to her, this case would be in an entirely different posture. However, the order which has been appealed provides for a judgment in favor of U.S. Steel Mining Co., Inc. As such, the judgment cannot be enforced by a wage attachment under Pennsylvania law.

This conclusion is reinforced by the inherent public policy which supports the legislative determination to allow wage attachments to obtain compliance with one's support obligations. One of the reasons for allowing wages to be attached to satisfy a support obligation is so that one's dependents can be provided for to the fullest extent possible by the person who has the obligation to support them. In

the absence of the ability to attach a person's wages to satisfy the person's support obligations, that person's dependents would have to pursue more involved and time consuming means of enforcing the judgment for support, and in fact they may be unable to obtain any satisfaction of the judgment for support. The wage exemption statute provides a means by which spouses and children can expeditiously, directly and assuredly obtain the support to which they are entitled and which is essential to sustain their daily existence. No such need is presented in this case.

When the enforcement of a judgment for an obligation other than support is in issue, the public policy reasons for allowing wages to be attached have no application. Since the judgment U.S. Steel Mining Co., Inc. has against Robert Ankrom is not one for support, but is in the nature of restitution to a garnishee for the garnishee's satisfaction of the debtor's obligation, the public policy reasons for allowing wages to be attached to satisfy support obligations as well as the statutory exception itself are inapplicable. Because the instant case does not fall within one of the exceptions to the statute prohibiting wage attachments, the trial court's order, to the extent that it does not allow Robert Ankrom's wages to be attached to recover the $12,848.43, must be affirmed. Order affirmed.