538 A.2d 927

**Laverne LAUGHLIN, Appellee,**

**v.**

**John J. LAUGHLIN, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 14, 1988.

Filed March 7, 1988.

John E. Nickoloff, Pittsburgh, for appellant.

Daniel P. McDyer, Pittsburgh, for appellee.

Before OLSZEWSKI, TAMILIA and KELLY, JJ.

OLSZEWSKI, Judge:

Appellant (husband) appeals from the trial court's order holding him in contempt of court. In this appeal, appellant presents three issues for our review: (1) whether the trial court erred by holding appellant in contempt of court for failing to comply with a trial court order; (2) whether the trial court erred by attaching appellant's wages to enforce a

court order solely for the payment of equitable distribution; and (3) whether the trial court erred by directing appellant to pay counsel fees. For the reasons stated below, the order of the trial court is affirmed in part and reversed in part.

The parties were married in April of 1960. In August of 1984, the trial court entered a bifurcated decree divorcing the parties and referring the economic issues to a master. After conducting a hearing, the master filed his recommendation and report. Appellee (wife) subsequently filed exceptions to the master's report. On January 12, 1987, the trial court adopted the master's findings and recommendations and entered a final decree disposing of the economic issues. Neither party appealed from this order.

On March 10, 1987, appellee filed a petition for the attachment of wages and a rule to show cause why appellant should not be held in contempt for his failure to pay appellee the monies owed to her pursuant to the trial court's order of January 12, 1987. A rule was issued which was returnable on April 21, 1987, at which time the trial court conducted a hearing and ordered the attachment of appellant's wages and the execution of a beneficiary designation form for a life insurance policy issued on the life of appellant (the requirement of a life insurance policy was directed by the trial court in paragraph 2 of its January 12, 1987 order). Appellant appeals from the trial court's order of April 21, 1987.

Appellant first contends that the trial court erred by holding appellant in contempt of court for failing to comply with the trial court's order of January 12, 1987. The general rule regarding civil contempt cases is that the complaining party has the burden of proving noncompliance with the court order by a preponderance of the evidence, and that present inability to comply is an affirmative defense to be proved by the contemnor. *See In re Grand Jury, April Term, 1977, Wayne County*, 251 Pa.Super. 43, 379 A.2d 323 (1977). In considering an appeal from a contempt order, this Court must place great reliance on the

sound discretion of the trial judge. *See Commonwealth ex rel. Ermel v. Ermel,* 322 Pa.Super. 400, 469 A.2d 682 (1983). Instantly, appellant argues that the trial court erred in holding him in contempt for his failure to comply with the January 12, 1987 order since that order did not impose a time constraint on appellant regarding compliance. We disagree. Paragraph 2 of the trial court's order provided as follows:

The Wife is awarded the sum of NINETEEN THOUSAND ($19,000.00) DOLLARS, which sum represents one-half (½) of the stipulated value of the Husband's pension. In the event that the Husband is unable to pay said sum in its entirety, then the Husband shall issue to the Wife a Judgment Note in the sum of NINETEEN THOUSAND ($19,000.00) DOLLARS at an interest rate of one point above the prime rate established by Mellon Bank, N.A., as of the date of the execution of said Note. Equal monthly payments shall be made for sixty (60) consecutive months with the balance due with the last payment. Upon the death of the Husband, any and all sums are due and payable. Husband shall secure said Note with a policy of life insurance or other such securities acceptable to the Wife.

Trial court order of January 12, 1987. Appellant did not appeal from this order and it became a final order. Nearly two months later, appellee initiated contempt proceedings against appellant for noncompliance with the order. As the trial court aptly stated in its opinion:

The mere fact that no date was entered in this Order does not relieve the Husband of his responsibility to comply with this Order. The Husband has accepted the Order as final and he cannot choose to ignore responsibilities imposed upon him. The Husband was given the opportunity to choose the method by which he could discharge his obligation to the Wife; however, he chose to do nothing and wishes this Court to condone that decision. Certainly the period of time from the date of the entry of that Order until the contempt hearing was more than suffi-

cient for the Husband to decide whether or not to make a lump sum payment to the Wife or to issue a judgment note to her. In failing to do either, the Husband demonstrated a blatant disregard for this Court's Order thus subjecting him to the sanctions which were imposed upon him.

Trial court opinion of July 17, 1987 at 4. Accordingly, we find that the trial court did not abuse its discretion by finding appellant in contempt for failing to comply with the trial court's order.

 Appellant's next contention is that the trial court erred by attaching appellant's wages to enforce a court order solely for the payment of equitable distribution. Specifically, appellant maintains that monetary judgments only for child or spousal support, and not for equitable distribution, may be enforced through wage attachment. We agree. Section 8127 of the Judicial Code explicitly states that:

### § 8127. Personal earnings exempt from process

The wages, salaries and commissions of individuals shall while in the hands of the employer be exempt from any attachment, execution or other process except upon an action or proceeding:

(1) For support.

(2) For board for four weeks or less.

(3) Under the act of August 7, 1963 (P.L. 549, No. 290), referred to as the Pennsylvania Higher Education Assistance Agency Act.

42 Pa.C.S.A. § 8127 (footnote omitted). Equitable distribution is not a form of support. Support, child or spousal, assures a reasonable living allowance to the party requiring support. See Levine v. Levine, 360 Pa.Super. 297, 520 A.2d 466 (1987). The essence of the concept of equitable distribution, on the other hand, is not one of sustenance, but rather, is the division by the trial court of the parties' marital property "in such proportions as the court deems just." See Platek v. Platek, 309 Pa.Super. 16, 454 A.2d 1059 (1982); 23 Pa.S.A. § 401(d). We, consequently, find

that the trial court erred when it attached appellant's wages in order to fulfill appellant's obligation under the trial court's order of equitable distribution of January 12, 1987.[1]

1. We note that both the trial court and appellee rely on §§ 401(b) and 401(c) to support the position that a trial court has the power to attach wages in order to enforce an order of equitable distribution. These subsections provide as follows:

(b) Any decree granting a divorce or an annulment, shall include after a full hearing, where these matters are raised in the complaint, the answer or other petition, an order or orders determining and disposing of existing property rights and interests between the parties, custody and visitation rights, child support, alimony and any other related matters including the enforcement of separation agreements voluntarily entered into between the parties. In the enforcement of the rights of any party to any such matters, the court shall have all necessary powers, including but not limited to, the power of contempt and the power to attach wages. In the event that the court is unable for any reason to determine and dispose of the matters provided for in this subsection within 30 days after the master's report has been filed, it may enter a decree of divorce or annulment. The court may order alimony, reasonable counsel fees and expenses pending final disposition of the matters provided for in this subsection and upon final disposition, the court may award costs to the party in whose favor the order or decree shall be entered, or may order that each party shall pay his or her own cost, or may order that cost be divided equitably as it shall appear just and reasonable.

23 Pa.S.A. § 401(b).

In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this act, and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause.

23 Pa.S.A. § 401(c).

While a literal reading of these subsections suggests that the trial court does possess the power to attach wages in order to enforce an order of equitable distribution, we find that such an interpretation was not intended by our legislature. Rather, in Section 8127 of the Judicial Code, our legislature specifically addressed the limited circumstances under which a trial court would be allowed to attach one's personal earnings. *See* 42 Pa.C.S.A. § 8127. In reconciling 23 Pa.S.A. § 401(b), (c) with 42 Pa.C.S.A. § 8127, we are guided by the Statutory Construction Act which provides in pertinent part as follows:

**§ 1933. Particular controls general**

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provision shall prevail and shall be construed as an exception to the

■ Appellant's final contention is that the trial court erred by directing appellant to pay counsel fees incurred by appellee in enforcing the trial court's January 12, 1987 order. It is well-settled that attorneys' fees necessitated by another party's civil contempt are recoverable as special damages in a proceeding for civil contempt. *See Commonwealth ex rel. Novack v. Novack*, 310 Pa.Super. 112, 456 A.2d 208 (1983). Accordingly, appellant's contention must fail.

Order affirmed as to the finding of appellant in contempt of court and directing appellant to pay counsel fees; order reversed as to the attachment of wages. Jurisdiction is relinquished.

general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S.A. § 1933. While 23 Pa.S.A. § 401(b) and (c) generally discuss a trial court's powers in matrimonial matters, 42 Pa.C.S.A. § 8127 specifically delineates the circumstances under which a trial court may properly attach one's wages. Section 401(b) and (c) of the Divorce Code was enacted in 1980 while Section 8127 of the Judicial Code was amended in 1982. We, consequently, conclude that 42 Pa.C.S.A. § 8127 controls in determining whether one's wages may be attached by a trial court.