563 A.2d 522

**Malka C. GOODSTEIN**

v.

**Martin E. GOODSTEIN, Rosenfelt, Siegel & Goldberg.**

**Appeal of Martin E. GOODSTEIN.**

Superior Court of Pennsylvania.

Argued April 5, 1989.

Filed Aug. 30, 1989.

Alfred Marroletti, Philadelphia, for appellant.

Carl N. Martin, III, Philadelphia, for Malka Goodstein, appellee.

Before BROSKY, McEWEN and HOFFMAN, JJ.

BROSKY, Judge.

This is an appeal from an order denying in part appellant's Preliminary Objections to a Praecipe for Writ of Execution and the entry of a judgment of garnishment. Under the Praecipe appellant's wages would be garnished for satisfaction of a foreign judgment representing arrearages in unallocated alimony and support payments and other monetary awards. The trial court denied appellant's Preliminary Objections to the extent that the judgment represents past due alimony and/or support.

█ The issue raised here is whether garnishment of wages for payment of a judgment which represents unallocated alimony and support is allowable under Pennsylvania law. We conclude that it is and affirm the trial court's order to the extent attachment is for alimony and/or support, and remand for allocation of support, alimony and other charges included in the foreign judgment.

The parties were divorced in the State of Connecticut on January 20, 1983. At that time they had one minor child, born November 3, 1967. The decree of divorce provided, among other things, that appellant pay "unallocated alimony and support in the sum of $200 per week." He was also ordered to pay past due mortgage payments and all existing liens and taxes on property awarded to appellee, appraisal fees, CPA charges, counsel fees, and other monetary awards. In addition, the divorce decree reaffirmed certain prior pendente lite orders against appellant.

On June 25, 1985, the Connecticut Superior Court of the County of Hartford entered a judgment against appellant in the amount of $42,966.79 for arrearages on the January 20, 1983 order. Appellee subsequently transferred this judg-

ment to the State of Pennsylvania pursuant to the provisions of the Uniform Enforcement of Foreign Judgments Act, 42 Pa.C.S. § 4306. On February 11, 1988, appellee filed a Praecipe for Writ of Execution against appellant's employer, seeking garnishment of appellant's wages to satisfy the foreign judgment. This appeal, perhaps incorrectly taken, is from the ruling denying appellant's Preliminary Objections to the attachment of wages for past due alimony and/or support. However, as it was taken after entry of the final judgment of garnishment we do not find the defect to be fatal to the appeal. Pa.R.A.P. 905.

Appellant contends that the trial court erred in its determination that a foreign degree encompassing multiple forms of monetary relief, including unallocated alimony and support, could be enforced through garnishment procedures provided for under 42 Pa.C.S. § 8127(1).[1] This statute provides:

> The wages, salaries, and commissions of individuals, shall, while in the hands of the employer, be exempt from any attachment, execution, or other process except upon an action or proceeding: (1) for *support.*

(Emphasis added.)

Specifically, appellant maintains that in Pennsylvania "alimony" and "alimony pendente lite" are different entitlements, with different requirements, and that the word "support" in § 8127(1) does not encompass "alimony." Therefore, appellant argues, since the law in question is silent with regard to alimony and permits only support payments to be withheld from an employee's wages, a

---

**1.** Pennsylvania law governs the enforcement of the judgment involved in this case. 42 Pa.C.S. § 4306(b) provides: "A copy of any foreign judgment ... may be filed in the office of the clerk of any court of common pleas of this Commonwealth.... A judgment so filed ... shall have the same effect and be subject to the same procedures ... as a judgment of any court of common pleas of this Commonwealth and may be enforced or satisfied in like manner." 42 Pa.C.S. § 6780(a) provides: "Upon registration the registered foreign support order shall be treated in the same manner as a support order issued by a court of this Commonwealth. It has the same effect and is subject to the same procedures ... as a support order of this Commonwealth and may be enforced and satisfied in like manner."

judgment for unallocated support and alimony should not be enforced. In support of his argument, appellant relies on the Statutory Construction Act, which provides:

When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

1 Pa.C.S. § 1921(b). Appellant also cites the provision of the Statutory Construction Act that controls interpretation of technical words and phrases:

"[W]ords and phrases shall be construed according to ... their common and approved usage; but technical words and phrases and such others have acquired a peculiar and appropriate meaning ... shall be construed according to such peculiar and appropriate meaning or definition."

1 Pa.C.S. § 1903(a). Appellant contends the terms "alimony" and "alimony pendente lite" are technical words defined by the Divorce Code, 23 P.S. § 104, and are applied by the courts with specificity.

Since 42 Pa.C.S. § 8127 is devoid of any definition of "support" or "alimony," the trial court, in determining that the terms are synonymous for the purpose of wage attachment, turned to the definition of alimony in the Divorce Code, 23 P.S. § 104. There, alimony is defined as *"an order for support* granted by this or any other state to a spouse or former spouse in conjunction with a decree granting a divorce or annulment." (Emphasis added.)

The provision of § 8127 which permits garnishment "for support" is a 1982 amendment to the statute, and there is little case law interpreting this phrase that applies specifically to the issue at hand. Thus, the trial court considered case law interpreting statutory provisions which exempt pensions and annuities from attachment. Although none of the cases were squarely on point with the instant case, certain language in those cases led the trial court to conclude that wages are not exempt from garnishment to enforce orders for alimony or child support.

In the first case examined by the trial court, *Young v. Young*, 507 Pa. 40, 488 A.2d 264 (1985), the issue was

whether a spouse could enforce a New Jersey court order for support arrearages by attaching the husband's police pension. As in the instant case, after judgment was entered in the foreign jurisdiction it was filed in Pennsylvania. The *Young* court determined that the purpose of the statutes exempting pensions from attachment was to protect pension funds from the claims of creditors for the benefit of the employees and their families. The court then cited the Pennsylvania policy of giving priority to the enforcement of support orders and reasoned that a refusal to enforce the New Jersey court order would be inimical to this purpose. For these reasons the court allowed attachment of the pension to satisfy a court order whose purpose was to enforce support obligations.

Another case cited by the trial court, *Hollman v. Hollman*, 347 Pa.Super. 289, 500 A.2d 837 (1985), *rev'd*, 515 Pa. 288, 528 A.2d 146 (1987), considered the issue of whether or not pension payments of a former spouse could be attached to satisfy a judgment for arrearages under a support *agreement*. The Superior Court endorsed attachment for certain purposes, but concluded that attachment would not be permitted for enforcement of a support agreement. Our decision was reversed by the Supreme Court who thereby extended the attachment and garnishment remedy further than we found ourselves able to do. Nevertheless, we had concluded, and the Supreme Court's stance would certainly affirm our position, that:

> *Garnishment of wages or a pension* is ... applicable to court orders of *support and alimony*, as a legislatively empowered exercise of court authority to implement its orders. 347 Pa.Super. at 300, 500 A.2d at 843. (Emphasis added).

Discussing the exemption from wage attachment under 42 Pa.C.S. § 8127, the court in *Ankrom v. Ankrom*, 366 Pa.Super. 461, 531 A.2d 509 (1987) stated:

> The wage exemption statute provides a means by which spouses and children can expeditiously, directly and as-

suredly obtain the support to which they are entitled and which is essential to sustain their daily existence.

366 Pa.Super. at 467, 531 A.2d at 512. The trial court reasoned that court-ordered support or alimony would be, by logical extension of the principle, included in this exclusion.

Finally, in *Laughlin v. Laughlin*, 372 Pa.Super. 24, 538 A.2d 927 (1988), one of the issues presented was whether the husband's wages could be attached to enforce a court order solely for the payment of equitable distribution. The court held that they could not while indicating that only monetary *judgments* for child or spousal support can be enforced through wage attachment. Applying *Laughlin* to the present case, the trial court reasoned that such judgments encompass court orders for alimony under the statutory definition of 23 Pa.C.S. § 104, and therefore the *Laughlin* holding supported appellee's argument that "alimony" is encompassed within the statutory definition of support contained in § 8127.

We agree that the above cases support the trial court's finding. We find additional reinforcement of the determination that wages are not exempt from attachment to enforce alimony payments, in § 503 of the Divorce Code, which provides in pertinent part:

If at any time a party is in arrears in the payment of alimony or alimony pendente lite as provided for in sections 501 and 502 after hearing, the court may, in order to effect payment of the arrearages:

(1) Enter judgment....

(3) *Attach* no more than 50% of the *wages* of the party. (Emphasis added.)

23 P.S. § 503. Since this statute provides for the attachment of wages for arrearages of alimony, and since 42 Pa.C.S. § 8127 provides for the attachment of wages for support, both would appear within the scope of garnishment.

■ Appellant also argues that alimony is an obligation that ends with divorce. However, the legislative intent of the Divorce Code of 1980 has been interpreted to provide that alimony, in contrast with alimony pendente lite, continues after divorce when fixed in conjunction with a divorce or annulment decree. *McNulty v. McNulty*, 347 Pa.Super. 363, 371, 500 A.2d 876, 880 (1985). In the instant case the alimony and support order was incorporated in the divorce decree. Therefore, the appellant was not relieved of the obligation to continue to make alimony payments when the divorce became final.

■ We therefore affirm the order of the trial court to the extent that it allows garnishment of wages for the amount due for arrearages in alimony and support. However, upon review of the judgment we are concerned that it also represents amounts for obligations other than alimony and support and for which garnishment is not recognized. Since we are unable to determine from the order of January 20, 1983, or from the record what portion of the judgment represents arrearages for support and alimony and what portion is attributable to other unenforceable charges, we remand for allocation of the sums past due for support and alimony. Pennsylvania law is clear in the determination that wages are exempt from attachment for all purposes but a few specific exceptions, such as support and alimony. Equitable distribution of property, for example, is not a form of support in Pennsylvania and is not permitted to be enforced by garnishment of wages. *Laughlin*, 372 Pa.Super. at 28, 538 A.2d at 929. We remand the case back to the trial court to determine the nature of the arrearages stemming from the order of January 20, 1983, and to specify what portion of the judgment can properly be enforced by attachment of wages.

We accordingly affirm the order of the trial court, in part and remand for allocation of amounts due and enforceable as support and alimony.