Carol DIAMENT, Appellant,

v.

John DIAMENT, Appellee.

John Diament, Appellant,

v.

Carol Diament, Appellee.

Superior Court of Pennsylvania.

Argued Dec. 6, 2000.

Filed March 8, 2001.

Joseph F. Rizzo, Darby, for Carol Diament.

Elizabeth A. Plasser, Pottstown, for John Diament.

Before JOHNSON, TODD, JJ. and CERCONE, President Judge Emeritus.

TODD, J.:

¶ 1 This matter comes before us on various cross-appeals of an order entered by the Court of Common Pleas of Chester County on February 3, 2000 that resolved five separate petitions filed by the parties concerning modification of support. For purposes of this appeal, the parties stipulated to a consolidation of the appeals and designated Carol Diament ("Wife") as lead appellant. For the reasons that follow, we hold that the order of the trial court is interlocutory and thus not reviewable until final disposition of the pending divorce proceedings and related economic matters by way of equitable distribution.

¶ 2 John Diament ("Husband"), a successful builder of high-end custom homes, has maintained primary custody of and sole financial responsibility for the parties' two minor children since the parties' separation in 1993, when Wife left the marital residence. Wife initiated divorce proceedings in 1996 and filed a separate petition for spousal support at that time. The trial court evaluated Husband's net monthly income in 1997 and determined it to be $17,500 per month. In contrast, the court attributed a net earning capacity of $2,000 per month to Wife. In properly applying an analysis under *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984), the court held Husband's net monthly spousal support obligation to Wife to be $3,600.

¶ 3 After learning that Wife had received a settlement of $343,857.33 from a personal injury action, Husband petitioned on April 9, 1998 for a decrease in his spousal support obligation and filed a separate complaint seeking child support contribution from her, as he continued to have primary custody of the parties' two minor children. On October 21, 1998, Husband filed a petition to suspend health coverage for Wife and an emergency petition to suspend spousal support. On July 23, 1999, Wife filed a petition for modification of spousal support. All petitions were consolidated for hearing, which was conducted on September 28 and 29, 1999, by the Honorable Alexander Endy.

¶ 4 On December 8, 1999, the trial court entered an opinion and order adjudicating both the spousal and child support claims and setting Husband's net monthly income at $14,934 and Wife's net monthly income at $6,433,[1] based on extensive testimony and evidence. The trial court determined Husband's net support obligation to Wife to be $2,671 per month. On December 29, 1999, Wife filed a motion to reconsider, which the court granted by order of January 5, 2000. On February 3, 2000, Judge Endy entered a new opinion and order increasing Husband's net monthly income amount to $18,534 and decreasing Wife's net monthly earning capacity to $3,959. The trial court then granted Husband's petition for modification of spousal support and set Husband's monthly obligation to Wife at $3,277. He dismissed Husband's petition seeking contribution from Wife toward child support in light of his finding that her income was insufficient to meet

---

1. This includes a $2,000 earning capacity.

her own reasonable needs. The trial judge denied Husband's petitions to suspend spousal support and health insurance coverage. (Trial Court Opinion, 2/3/00, at 5–6.) These timely appeals followed.

¶ 5 Although the appealability of the trial court's support order was not raised by the parties in their briefs, we nevertheless will examine this question since the appealability of an order goes to the jurisdiction of the court and thus properly may be raised by the court *sua sponte*. *Fried v. Fried*, 509 Pa. 89, 92, 501 A.2d 211, 212 (1985.) In *Fried*, our Supreme Court held that interim relief orders in divorce cases are interlocutory and thus not reviewable until final disposition of the case. In discussing this concept in the context of alimony pendente lite orders, the Supreme Court explained:

> [I]t was previously held that the payor spouse was entitled to immediate appeal because the amounts paid under such order would be irretrievable. This reasoning, however, fails under the Divorce Code of 1980. As stated in Judge Beck's dissent, "... the new provisions of the Divorce Code authorizing equitable distribution of marital property and permanent alimony have taken away any reason to fear that funds once paid out pursuant to an interim award are unrecoverable." *Sutliff* [*v. Sutliff*], *supra*, 326 Pa.Super. [496] at 504, 474 A.2d [599] at 603 [ (1984)](Beck, J., dissenting). In the event that an initial award of interim relief is granted in error, the court has the power to make adjustments in the final settlement via the equitable division of marital property, permanent alimony, and/or the final award of attorney's fees and costs. Thus, under the new Code the conclusion that a grant of interim financial relief may result in the irreparable loss of a claimed right cannot be supported.

We hold, therefore, that such an order is interlocutory and thus not reviewable until final disposition of the case.

*Id.* at 96, 501 A.2d 211, 215 (footnote omitted). The Court held that its decision reflected the policy of law which "abhors 'piecemeal determinations and the consequent protraction of litigation.'" *Id.* (citations omitted.) "The avoidance of unduly protracted divorce proceedings is consistent with the legislature's intent to mitigate harm to the spouses and their children during this emotionally taxing experience." *Id.*

¶ 6 Conversely, child support orders consistently have been held to be appealable and not interlocutory, as the same considerations do not apply. While the *Fried* Court made it clear that any inequities that might arise between husband and wife as to alimony or support can be rectified when their mutual property claims are adjusted, such is not the case with child support because:

> the child has no claim on the division of marital property. In addition, while the adults can generally look to other sources of revenue to maintain themselves during litigation, the child is totally dependent on its parents for support; its needs are immediate and continuing, and in particular, any deficiency is unlikely to be recovered. We believe the child support Order requires review to protect the interest of the child, to avoid hardship, and to assure uninterrupted maintenance by its parents.

*Ritter v. Ritter*, 359 Pa.Super. 12, 518 A.2d 319, 322 (1986). Furthermore, our Rules of Civil Procedure provide that an unallocated order for the support of a spouse and at least one child is a final, appealable order. Pa.R.C.P.1910.16(b). The purpose of this Rule is to serve as a child support enforcement procedure. *Calibeo v. Cali-*

*beo,* 443 Pa.Super. 694, 663 A.2d 184, 186 (1995).

¶ 7 Our review of the parties' various cross-claims and appeals leads us to conclude that all claims but one concern spousal support modification, and therefore would be interlocutory at this juncture given the parties' pending divorce complaint and absence of resolution of economic claims. Husband, however, claims that the trial court erred in failing to grant his petition for a child support contribution from Wife in light of the substantial personal injury settlement she received since the trial court entered its spousal support order in 1997. Thus, we have before us the narrow question of the appealability of the denial or modification of a child support petition filed by the custodial parent whose financial resources are significant and who seeks to appeal a child support determination that impacts only his net support obligation to the noncustodial parent.

¶ 8 Our careful review of the record in this matter, as well as the well-reasoned and thorough analysis of Judge Endy in his Opinion of February 3, 2000, leads us to conclude that Husband's appeal of the trial court's denial of his claim for child support contribution from Wife is not the type of child support claim our legislature and courts intended staunchly to protect by making it automatically appealable. In this case, the only issue regarding child support is its impact on Husband's net monthly obligation to Wife, the non-custodial parent. We stress that neither party has sought review of the trial judge's determination of the amount of the children's reasonable needs and that neither party has argued that those reasonable needs are not being met. There is nothing in the record, therefore, to indicate that a modification of this amount will have any impact on the children. Husband has abundant available financial resources and maintains primary custody of the children. The trial court determined that Husband's monthly net income has grown by more than $1,000 since 1997 and far exceeds that of Wife. There is nothing in the record indicating that the children are in danger of suffering any consequence of their father being denied a reduction in his net financial contribution to their mother. Moreover, the trial court's opinion reveals that Judge Endy did, in fact, take into consideration the change in Wife's financial position by reducing Husband's monthly spousal support obligation to her by more than $300.

¶ 9 Because the children shall suffer no financial hardship and the parties shall not be prevented from seeking to correct any inequities in their relative obligations to each other at the time of complete financial resolution and equitable distribution, we hold that the trial court's order of February 3, 2000, is interlocutory. Accordingly, all pending appeals and cross-appeals consolidated herein are hereby quashed.

¶ 10 Appeals quashed. Jurisdiction relinquished.