J-A31004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| F.M.M. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| S.D.M. | |
| Appellee | No. 688 MDA 2015 |

Appeal from the Order March 23, 2015
In the Court of Common Pleas of York County
Domestic Relations at No(s): 1463 SA 2013
PACSES No. 124114083

BEFORE:  PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.               **FILED JANUARY 22, 2016**

F.M.M. ("Mother") appeals from the support order entered March 23, 2015, allocated as to child support and spousal support.[1] We are constrained to find Mother's issue on appeal waived for the failure to comply with Rule 1925(b) of our Rules of Appellate Procedure.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Mother indicated in her docketing statement that the parties' divorce remains pending below.  We note that spousal orders are interlocutory and not appealable when entered during the pendency of divorce claims. **See Leister v. Leister**, 684 A.2d 192 (Pa. Super. 1996). Where the trial court enters an allocated order of child support and spousal support, the child support portion of the order is appealable before entry of a divorce decree. **See Capuano v. Capuano**, 823 A.2d 995 (Pa. Super. 2003); **Diament v. Diament**, 771 A.2d 793 (Pa. Super. 2001). Accordingly, to the extent the parties' divorce action remains pending, the order entered March 23, 2015 is appealable only as it relates to child support.

In September 2014, Mother filed a complaint for child support of two minor children and for modification of spousal support. Following a hearing, Appellee, S.D.M. ("Father"), was ordered to pay $52.30 per month in support for the two children, and $574.60 per month in spousal support, plus arrearages. **See** Support Order, 3/23/15.[2] Mother thereafter timely filed a notice of appeal.

By an order entered on April 24, 2015, the trial court directed Mother to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, within 21 days. To date, Mother has not complied with the trial court's 1925(b) order.[3]

"[I]n order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (quoting **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998)). However, there are caveats to a finding of waiver.

> First, the trial court must issue a Rule 1925(b) order directing an Appellant to file a response within [twenty-one] days of the

---

[2] Although dated February 18, 2015, the support order was not entered on the docket until March 23, 2015.

[3] Mother has not applied for an extension of time in which to file a 1925(b) statement or requested permission to file a statement *nunc pro tunc*.

order. Second, the Rule 1925(b) order must be filed with the prothonotary. Third, the prothonotary must docket the Rule 1925(b) order and record in the docket the date it was made. Fourth, the prothonotary shall give written notice of the entry of the order to each party's attorney of record, and it shall be recorded in the docket the giving of notice. ***See*** Pa.R.C.P. 236. If any of the procedural steps set forth above are not complied with, Appellant's failure to act in accordance with Rule 1925(b) will not result in a waiver of the issues sought to be reviewed on appeal.

***Forest Highlands Cmty. Ass'n v. Hammer***, 879 A.2d 223, 227 (Pa. Super. 2005) (citation omitted).

We recently reiterated the "automatic nature" of the waiver of issues for failure to comply with Rule 1925(b) and that "we are required to address the issue once it comes to our attention." ***Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*). In ***Presque Isle Downs, Inc.***, the *en banc* panel examined Pennsylvania Supreme Court cases construing Rule 1925(b) and noted that "our Supreme Court does not countenance anything less than stringent application of waiver pursuant" to that rule. ***Id***. (citation omitted).

Here, the trial court's Rule 1925(b) order directed Mother to file a response within 21 days and was filed with and docketed by the clerk of court. Written notice of the order was provided to each party's attorney of record, and the giving of such notice was recorded on the docket.[4]

_____

[4] Although Mother has appended to her appellate brief a statement averring that no order requiring a Rule 1925(b) statement was issued, her claim is belied by the record.

Accordingly, the court complied with all necessary procedural steps and Mother's failure to file her Rule 1925(b) statement results in waiver of her claim on appeal.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2016

---

[5] We note that an award of support, once in effect, may be modified *via* petition at any time, provided the petitioning party demonstrates a material and substantial change in their circumstances warranting a modification. **See** Pa.R.C.P. 1910.19(a).