J-S64029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| P.C. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| S.S. | |
| Appellant | No. 517 EDA 2016 |

Appeal from the Order Entered January 8, 2016
In the Court of Common Pleas of Bucks County
Domestic Relations at No(s): 2013DR00268
Pacses #144113794

BEFORE:  STABILE, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED NOVEMBER 02, 2016**

Appellant ("Husband") appeals from the order denying his third petition to modify his obligations of spousal support and child support, and awarding Appellee ("Wife") attorney's fees. For the reasons that follow, we affirm that portion of the order of the trial court relating to child support and quash the remainder of the appeal.

On January 9, 2013, Wife filed for divorce and requested equitable distribution, alimony, and custody of the couple's minor child. Trial Court Opinion, 4/25/16, at 1. On April 29, 2014, Wife was awarded spousal support of $954 and child support of $618 per month, pending the conclusion of the divorce. Trial Court Order, 4/29/14; Income Withholding

_____

[*] Former Justice specially assigned to the Superior Court.

for Support Order, 5/1/14. This order was amended on March 4, 2015, after the sale of the parties' Avalon home. Trial Court Opinion, 4/22/16, at 2. The spousal support amount was increased to $1,865, and the new child support amount was $1,207. ***Id.***

Husband filed his first Petition for Modification of an Existing Support Order on March 18, 2015, requesting a decrease in his obligations due to a decrease in his income. After a hearing, the court entered an order dated June 16, 2015, that ***increased*** Husband's spousal support obligation to $2,890 and his child support obligation to $1,513 per month, effective as of May 4, 2015. Husband did not file exceptions to the June 16, 2015 order.

On June 22, 2015, Husband filed a second Petition for Modification, arguing that an error regarding a bonus payment had been made in the June 16, 2015, order. He also asserted that the court had not properly considered whether Wife should be held to have a higher earning capacity and whether he would be awarded the child exemption tax deduction. The case at that time was transferred to a different judge, who, on August 31, 2015, amended Husband's support obligations after finding that there was indeed an error in the previous calculations regarding Husband's bonus payment. The spousal support obligation was adjusted to $1,872 per month, and the child support amount was reduced to $1,200 per month. The changes were made retroactive to June 22, 2015, the date Husband's second petition had been filed. Husband's second petition was otherwise denied. ***See*** Trial Court Opinion, 4/22/16, at 2-3.

Husband filed his third Petition for Modification on October 7, 2015, requesting an adjustment to an arrears balance. Trial Court Opinion, 4/22/16, at 3.[1] A hearing on that petition was scheduled for January 8, 2016. N.T., 1/8/16, at 2. In the interim, Husband filed a fourth Petition for Modification on December 30, 2015. N.T. 1/18/16, at 26-27. The fourth petition stated: "[Husband] is requesting a decrease as his income has decreased." Petition for Modification of an Existing Support Order, 12/30/15.

Following a hearing, the trial court issued a January 8, 2016 order that denied and dismissed Husband's third petition and ordered Husband to pay $500 for Wife's attorneys' fees. Trial Court Opinion, 4/22/16, at 4. The order also stated that:

> [Husband's fourth] petition to reduce filed on 12/30/15 has not yet been scheduled. Same is to be scheduled in May 2016 so that parties have time to obtain complete financial information. The filing date of 12/30/15 is preserved. Within 30 days, [Husband] is to provide to [Wife's] counsel the name and contact information of his employer so that counsel may contact same in regards to his bonus income and if/when same may be received.

Trial Court Order, 1/8/16. On February 8, 2016, Husband, acting *pro* se, filed an appeal from that January 8, 2016 order.

In his brief to this Court, Husband states the issues as:

---

[1] Husband's third petition to modify states only that he is entitled to a modification "because of the following material and substantial change(s) in circumstance: Defendant requests adjustment of arrears." Petition for Modification of an Existing Support Order, 10/7/15.

1. Were [Husband]'s rights to due process under the Unified Judicial System of Pennsylvania violated by the trial Court's abuse of discretion by suppressing the admittance of pertinent evidence directly related to the underlying basis of the case that [Husband] attempted to present which resulted in a ruling that caused the appealable child support portion to be permanently unrecoverable[?]

2. Was the trial Court's decision to award counsel fees premature since the trial Court refused to hear evidence that would have made such an award unnecessary?

Husband's Brief, 6/7/16, at 2.

In response, Wife seeks an award of additional attorneys' fees associated with this appeal, pursuant to Pa.R.A.P. 2744, which empowers appellate courts to impose attorneys' fees for appeals found to be frivolous or vexatious. Wife states that "[Husband's] action as it relates to the support filings in 2015 is a 'snap shot' of the litigious nature of this matter not only through support but also in custody and equitable distribution." Wife's Brief at 14.

On March 17, 2016, we issued an order for Husband to show cause why this Court should not quash all portions of his appeal other than those dealing with Husband's child support obligations, in light of the fact that all economic issues have not yet been resolved in the divorce proceeding and that the scheduled May 2016 hearing on Husband's fourth petition had not yet been held. After receiving Husband's response, we entered an order dated April 4, 2016, stating that only the child support portion of the trial court's order would be referred to a merits panel and that "this is not a final determination as to the propriety of the appeal." *See* Order, 4/4/16.

Upon further review, we now quash those portions of the appeal that do not relate to child support because the case is not final with respect to those issues and we therefore lack jurisdiction to consider them. **See** Pa. R.A.P. 341(b)(1) (a final order is any order that disposes of all claims regarding all parties); **Fried v. Fried,** 501 A.2d 211 (Pa. 1985) (orders granting interim financial relief are reviewable after entry of divorce decree and resolution of all economic issues); **Leister v. Leister**, 684 A.2d 192 (Pa. Super. 1996) (orders granting spousal support are not appealable until divorce action is resolved); **Hrinkevich v. Hrinkevich**, 676 A.2d 237, 241 (Pa. Super. 1996) ("An interim order of counsel fees is interlocutory and non-reviewable until final disposition of all economic issues in the case").

We conclude, however, that we have jurisdiction to consider the issues relating to child support. Such issues may be appealed immediately, due to a child's immediate and continuing dependence on his or her parents for support and inability to draw on other sources of funds in the interim. **See Hrinkevich**, 676 A.2d at 239; **Diament v. Diament**, 771 A.2d 793, 795 (Pa. Super. 2001). Nevertheless, to the extent that Husband appeals child support issues raised in his fourth petition to modify, we hold that no such issues are ripe for our review. The trial court had not disposed of Husband's fourth petition at the time he filed the instant appeal, and there thus is before us no appealable order disposing of Husband's fourth petition.

Therefore, we will address only child support issues stemming from Husband's third petition to modify.

The following standard applies to our review of a support order:

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Kimock v. Jones*, 47 A.3d 850, 853–54 (Pa. Super. 2012) (citation omitted).

This appeal concerns motions to modify the trial court's initial order for child support. Once a support order has been entered, either party may petition to modify that order based on a "material and substantial change in circumstances." Pa.R.C.P. 1910.19; 23 Pa.C.S. § 4352(a). The petitioner bears the burden to prove a material change in circumstances has occurred. *Samii v. Samii*, 847 A.2d 691, 695 (Pa. Super. 2004). A support order may be modified only after a hearing on the merits, and only if clear and positive evidence is presented. *Keating v. Keating*, 595 A.2d 109, 115 (Pa. Super. 1991). "The lower court must consider all pertinent circumstances and base its decision upon facts appearing in the record which indicate that the moving party did or did not meet the burden of proof as to changed

conditions." ***Samii***, 847 A.2d at 695. A court may not consider assertions that have not been raised in the petition. ***Beegle v. Beegle***, 652 A.2d 376, 377 (Pa. Super. 1994) (citing Pa.R.C.P. 1910.19). But failure to comply with this rule will not prove fatal to a petition where it does not cause prejudice to the other party. ***See***, ***e.g.***, ***Summers v. Summers***, 35 A.3d 786, 789 (Pa. Super. 2012) (finding no prejudice where non-moving party had been apprised of the basis for the change in circumstances at a conference months before the *de novo* support hearing).

Applying these standards to the issues raised by Husband is a challenge. Husband's brief is woefully deficient in so many respects that we could dismiss it for failure to comply with the Rules of Appellate Procedure,[2] and the brief's substance is largely unintelligible. The argument section of his brief consists of just one paragraph that reads:

> . The trial Court's abuse of discretion stems from its decision to not address all of the pertinent facts related to the Petition to Modify and its suppression of the Appellant's request during the hearing to submit all evidence pertaining to the change of support circumstances. Appellant therefore was not afforded all of his rights with regard to due process under the Unified Judicial System of Pennsylvania and as a result any claims to discrepancies related to the child support are unlikely to be recovered. (Ritter, 518 A.2d at 322). The trial Court's decision to award attorney's fees was premature/improper as all of the facts

---

[2] For example, Husband failed to set forth the text of the order under appeal, failed to set forth the lower court's answer to the questions involved, failed to provide an adequate procedural history of the case, and failed to divide his brief according to the questions involved. ***See*** Pa.R.A.P. 2115, 2116, 2117, 2119.

> available during the hearing were not permitted to be presented by the Appellant to the Court and therefore the award of attorney's fees would have been unnecessary based on the merits of such evidence

Husband's Brief at unnumbered pp. 4-5. The brief appears to assert an abuse of discretion stemming from a restriction on Husband's ability to submit evidence to the trial court, but it fails to develop that argument with any citations to the record or to legal authority showing how the trial court abused its discretion.

To the extent that Husband argues that the trial court suppressed evidence at the January 8, 2016, hearing on his third petition to modify, we hold that Husband has failed to adequately develop this argument in his brief and the issue is therefore waived. *See Commonwealth v. D'Amato*, 856 A.2d 806, 814 (Pa. 2004) (issues not developed on appeal are deemed waived).[3]

With respect to Wife's request for attorneys' fees for this appeal and appellate sanctions, Rule 2744 of the Pennsylvania Rules of Appellate Procedure states:

> In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including (1) a reasonable counsel fee

---

[3] Moreover, the trial court conducted a thorough hearing on Husband's third petition and aptly concluded that it did not merit relief, as Husband did not allege a change in circumstances. *See* Trial Court Opinion, 4/22/16, at 7-10. Husband's claim that the trial court suppressed evidence is belied by the record.

> . . . if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Pa.R.A.P. 2744. An appeal is frivolous where it lacks any basis in law or fact. **Thunberg v. Strause**, 682 A.2d 295, 302 (Pa. 1996). An action is "vexatious" where it serves the sole purpose of causing annoyance. **See Berg v. Georgetown Builders, Inc.**, 822 A.2d 810, 816 (Pa. Super. 2003) (discussing the standard for an award of attorneys' fees by a trial court under 42 Pa.C.S. § 2503(9)).

Husband's repeated *pro se* filings and appeals approach satisfaction of this standard. As noted by the trial court, "As reflected by the flurry of filings by [Husband] on the docket . . . [Husband], at every turn, after any decision by this Court, files petitions to modify his support obligation irrespective of whether there were any material or substantial changes in circumstances." Trial Court Opinion, 4/22/16, at 9. We note, however, that the trial court already has entered one order requiring Husband to pay Wife's attorneys' fees and that the trial court continues to supervise proceedings between the parties. We therefore believe the trial court is in a better position to assess the propriety of all of Husband's conduct at the end of the proceedings before it and to determine what sanctions, if any, are appropriate at that time. We therefore deny Wife's request that we impose additional sanctions in this appeal, without prejudice to her right to seek appropriate relief from

the trial court if, when, and to the extent it becomes warranted. We do, however, caution Husband to exercise reason and restraint in the future progression of this case.

Portions of January 8, 2016, order relating to child support affirmed. Remainder of appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/2/2016