J-S78025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MELISSA L. WINGARD | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT D. WINGARD, III | : | |
| | : | |
| Appellant | : | No. 736 WDA 2017 |

Appeal from the Order Entered April 20, 2017
In the Court of Common Pleas of Washington County Domestic Relations at
No(s):  00034 DR 2014

BEFORE:   OLSON, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY DUBOW, J.:                     **FILED JUNE 07, 2018**

Appellant, Robert D. Wingard, III ("Father"), appeals from the April 20, 2017 Order entered in the Washington County Court of Common Pleas which, *inter alia*, denied Father's Petition for Modification of the Support Order and ordered Father to continue to pay a monthly child support obligation of $1,789, plus arrearages, to Appellee, Melissa L. Wingard ("Mother").[1]  After careful review, we affirm.

The parties are familiar with the procedural and factual history of this case, and we need not restate them in detail here.  In sum, Mother and Father were married in November 2003 and separated in October 2013. They are parents to three children.  Mother initiated the instant case on June

_____

[1] Although the Order is dated April 19, 2017, it does not appear on the docket until April 20, 2017.  We have changed the caption accordingly.

_____

\*   Retired Senior Judge assigned to the Superior Court.

27, 2014, when she filed a Complaint for Support. On August 1, 2014, the trial court issued a child support Order that required Father to pay a monthly child support obligation of $1,638.00.[2]

Over the next two years, the Washington County Domestic Relations Section ("WCDRS") filed multiple Petitions for Contempt alleging Father's failure to pay his support obligation; Father filed a Petition to Modify Support alleging that he had lost his job; Mother filed a Petition to Modify Support alleging that Father was employed; and the parties appeared before a Hearing Officer on numerous occasions to address numerous filings.

On April 11, 2016, after a hearing to address Mother's Petition to Modify Support, the Hearing Officer made a finding that a report from Father's employer directly contradicted Father's testimony that he was unemployed and that Father's misleading testimony regarding his alleged unemployment significantly impeded the determination of an appropriate support order. **See** Findings of Hearing Officer, filed 4/11/16.

_____

[2] The Order also required Father to pay $546.00 in spousal support. We acknowledge that an interim spousal support order in a divorce case is interlocutory and, thus, not reviewable until final disposition of the case. **Diament v. Diament**, 771 A.2d 793, 795 (Pa. Super. 2001). Instantly, Father is only appealing the portion of the Order that applies to his child support obligation, which is appealable and not interlocutory. **See id.**

Most relevant to this appeal, on June 28, 2016, the trial court ordered Father to pay a monthly child support obligation of $1,789.00, plus arrearages.[3]  On August 9, 2016, Father filed another Petition to Modify Support.

In the meantime, on August 12, 2016, WCDRS filed another Petition for Contempt alleging Father had failed to pay his support obligations.  On October 4, 2016, after a hearing on the Petition for Contempt, the trial court found Father in contempt, sentenced Father to pay an aggregate sum of $9848.64 in child and spousal support and $2,000.00 in attorneys' fees to purge the contempt, or serve a period of incarceration.[4]  Father was unable to make payments and served one month of incarceration.

After a hearing, on February 6, 2017, the Hearing Officer recommended that the trial court dismiss Father's Petition to Modify Support because Father failed to prove a material and substantial change in his circumstances.  On February 27, 2017, Father filed Exceptions to the Findings of Hearing Officer and the trial court scheduled oral argument on the matter.  On April 20, 2017, the trial court denied Father's Exceptions,

---

[3] The Order is dated June 24, 2016, but does not appear on the docket until June 28, 2016.

[4] The Order does not delineate between the amount owed for child support and the amount owed for spousal support.

denied Father's Petition to Modify Support, and ordered Father to pay a monthly child support obligation of $1,789.00, plus arrearages.

Father timely appealed. The trial court did not order Father to file a Pa.R.A.P. 1925(b) Statement. On July 14, 2018, the trial court filed a Pa.R.A.P. 1925(a) Opinion.

Father raises the following issue for our review: "Did [Father] demonstrate material change of circumstance to qualify for a modification of his child support obligation?" Father's Brief at 9.

We may reverse a child support order only if we find that the order cannot be sustained on any valid ground. *McClain v. McClain*, 872 A.2d 856, 860 (Pa. Super. 2005). "A trial court's decision regarding the modification of a child support award will not be overturned absent an abuse of discretion, namely, an unreasonable exercise of judgment or a misapplication of the law." *Plunkard v. McConnell*, 962 A.2d 1227, 1229 (Pa. Super. 2008). Importantly, we acknowledge, "the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests." *Arbet v. Arbet*, 863 A.2d 34, 39 (Pa. Super. 2004) (citation omitted).

A party may file a petition for modification of a support order at any time and a trial court should grant the modification if the petitioning party demonstrates a material and substantial change in their circumstances that warrants a modification. *See* 23 Pa.C.S. § 4352(a); Pa.R.C.P. 1910.19. The moving party has the burden of demonstrating a material and substantial

change, and "the determination of whether such change has occurred in the circumstances of the moving party rests within the trial court's discretion." **Plunkard, supra** at 1229. In child support proceedings, the fact-finder is free to weigh the evidence presented and assess its credibility. **Green v. Green**, 783 A.2d 788, 791 (Pa. Super. 2001). Moreover, we are bound by the trial court's credibility determinations. **Wade v. Huston**, 877 A.2d 464, 465 (Pa. Super. 2005).

This Court has repeatedly stated, "a person's support obligation is determined primarily by the parties' actual financial resources and their earning capacity. Although a person's actual earnings usually reflect his earning capacity, where there is a divergence, the obligation is determined more by earning capacity than actual earnings." **Woskob v. Woskob**, 843 A.2d 1247, 1251 (Pa. Super. 2004) (citations omitted). The Pennsylvania Support Guidelines state, in pertinent part, that there "generally will be no effect on the support obligation" if a party voluntarily assumes a lower paying job, quits a job, leaves employment, or is fired for cause. Pa.R.C.P. No. 1910.16-2(d)(1). Moreover, if a party has willfully failed to maintain appropriate employment, the trier of fact "may impute to that party an income equal to the party's earning capacity." Pa.R.C.P. No. 1910.16-2(d)(4). "Earning capacity is defined as the amount that a person realistically could earn under the circumstances, considering his age, health,

mental and physical condition, training, and earnings history." ***Woskob, supra*** at 1251 (citation omitted). ***See also*** Pa.R.C.P. No. 1910.16-2(d)(4).

In his sole issue for our review, Father avers that the trial court erred when it determined that Father had not proven a material change of circumstance to qualify for a modification of his child support obligation. Father's Brief at 16. Father asserts that his employer fired him for refusal to relocate and the trial court incarcerated him for failing to pay child support, which further jeopardized his actual earnings and earning capacity. ***Id.*** Father argues that these circumstances are sufficient to qualify him for a support modification. ***Id.***

The trial court, however, did not find Father's testimony to be credible. Moreover, as discussed ***infra***, the record supports the trial court's findings and, therefore, we find no abuse of discretion.

Father first argues that his employer fired him because he would not move to Connecticut away from his children and evidence of this constitutes competent evidence of a material and substantial change in circumstances. After independently reviewing the evidence, however, the trial court adopted the Hearing Officer's findings regarding the credibility of Father's testimony, and concluded that Father did not present credible evidence that his employer fired him for refusal to relocate. ***See*** Trial Court Opinion, dated 7/14/17, at 6. The trial court opined:

> The Hearing Officer's [f]indings made it clear that Appellant did not provide credible testimony. [Father] testified that he had

lost employment with Bayada because he refused to relocate. In his [f]indings, the Hearing Officer explicitly states that [Father]'s testimony was contradicted by his own wage statements from Bayada which listed [Father]'s address as 186 Livingston Road, Middletown, Connecticut. The credibility of his testimony was further challenged based upon his prior inconsistent statement regarding employment with Bayada. At the hearing on March 28, 2016, [Father] testified that he was not an employee of Bayada. Subsequently, at the hearing on January 30, 2017, he provided testimony that he was, in fact, employed by Bayada and had recently been terminated from his position.

The burden is upon [Father] to present evidence that his circumstances materially and substantially changed in a manner that would warrant a modification of the support order. [23 Pa.C.S. § 4352(a)]. **[Father] failed to provide any documentation in support of his testimony that he lost his job with Bayada due to his refusal to relocate. . . . [G]iven the history of this case and the issues of credibility, this [c]ourt fully adopts the Hearing Officer's recommendation that [Father]'s earning capacity remained unchanged and that his modification of the support order be denied.**

*Id.* (emphasis added).

We are bound by the credibility determinations of the trial court. The fact-finder did not find Father's testimony regarding his changed employment status to be credible. Additionally, the record supports the trial court's findings as Father failed to present any evidence to corroborate his testimony, and, in fact, his own wage statements contradicted his testimony. Accordingly, we conclude that the trial court did not abuse its discretion when it determined that Father failed to present evidence of a material and substantial change.

We further note that whether Father left his employment voluntarily or his employer fired him for cause is of no consequence. In either scenario,

Father would not qualify for a support modification pursuant to Pa.R.C.P. No. 1910.16-2, which states, in pertinent part, that there "generally will be no effect on the support obligation" if a party voluntarily assumes a lower paying job, quits a job, leaves employment, or is fired for cause. Pa.R.C.P. No. 1910.16-2(d)(1).

Father next argues that his incarceration for failing to pay child support jeopardized his actual earnings and earning capacity, which is competent evidence of a material and substantial change in circumstances.[5] Father's Brief at 16. We disagree.

The legislature has specifically excluded incarceration for nonpayment of child support as a qualifying event for modification of a child support award. The law in Pennsylvania is clear that "[i]ncarceration, **except**

---

[5] In his brief, Father also argues that the trial court erred when it found him in contempt, set an unreasonably high purge amount, and failed to consider Father's ability to pay the purge amount when it entered the October 4, 2016 Contempt Order. **See** Father's Brief at 25-36. The October 4, 2016 Contempt Order was a final, appealable Order. **See Glynn v. Glynn**, 789 A.2d 242, 246 (Pa. Super. 2001) (*en banc*) (stating that "[a]n order finding a party in contempt for failure to comply with a prior order of court is final and appealable if sanctions are imposed"). As such, the appropriate time to raise these issues was within 30 days of the entry of the Contempt Order. **See** Pa.R.A.P. 903(a) (appeal must be filed within 30 days after entry of the order from which the appeal is taken). Father did not appeal the October 4, 2016 Contempt Order in a timely manner, thus, he waived his right to do so at this time. **See In re D.S.**, 979 A.2d 901, 905 (Pa. Super. 2009) (concluding that when grandmother did not appeal the removal of children from her home in a timely manner, she waived her right to do so at a later date). Accordingly, we decline to address these arguments.

**incarceration for nonpayment of support**, shall constitute a material and substantial change in circumstance that may warrant modification" of a support order. 23 Pa.C.S. § 4352(a.2) (emphasis added). Moreover, as the trial court aptly acknowledged, Father was eligible for work release during his incarceration. *See* Trial Court Opinion, dated 7/14/17, at 8. Accordingly, the trial court did not abuse its discretion when it determined that Father's incarceration for nonpayment of child support did not constitute a change in circumstances.

Father further argues that he was searching for employment and was unable to obtain employment as a result of his contempt conviction appearing in his background check. The trial court did not find this portion of Father's testimony to be credible. Since we are bound by the trial court's credibility determinations, we find that the trial court did not abuse its discretion when it determined that Father's earning capacity remained unchanged after incarceration for failure to pay child support.

In conclusion, the trial court did not abuse its discretion when it concluded that Father failed to present competent evidence of a substantial and continuing change in circumstance that warranted a modification of his child support obligation and accordingly denied Father's Petition for Modification of the Support Order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/7/2018