J-A09041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| C.D.S., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| R.J.S., | : | |
| | : | |
| Appellant | : | No. 1477 WDA 2019 |

Appeal from the Order Entered August 30, 2019
in the Court of Common Pleas of Butler County
Domestic Relations at No(s): 39846

BEFORE:   SHOGAN J., MURRAY, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.:          **FILED JULY 14, 2020**

R.J.S. (Father) appeals from the August 30, 2019 order requiring him to pay child and spousal support to C.D.S. (Mother). We quash the appeal as it relates to the order of spousal support because that portion is interlocutory due to the parties' pending divorce, and affirm the order as it relates to child support.

Father and Mother were married in September 2011, and separated on November 1, 2017. They are the parents of three children (Children), born in June 2013, October 2014, and July 2016. Mother has maintained primary physical custody of Children. A divorce action is pending in the Butler County Court of Common Pleas.

---

[*] Retired Senior Judge assigned to the Superior Court.

On December 1, 2017, Mother filed for child and spousal support. Over more than a year and a half, a series of hearings and modifications to Father's child support obligations occurred. Prior to the instant proceeding, the most recent order setting forth Father's obligation was entered on September 5, 2018. In that order, Father's monthly net income was calculated to be $10,580.54 and Mother's monthly net income to be $5,947.65. The parties entered an agreed-upon support order, requiring Father to pay monthly $3,562.00 in child support and $350.00 in arrears, for a total of $3,912.00. Order, 9/5/2018, at 1-2. On March 26, 2019, Father filed the instant petition, seeking a reduction in support for various reasons no longer relevant.

A support modification conference was scheduled, but prior to the conference, on April 12, 2019, Father was involuntarily terminated from his employment. Accordingly, the parties agreed to continue the support modification conference for 45 days and rescheduled it for June 17, 2019. Father represented himself at the conference. After the conference, on July 1, 2019, the conference officer made findings as to the parties' income and made recommendations regarding support. Father then filed a demand for a *de novo* hearing before the trial court.

On August 21, 2019, the trial court held a *de novo* hearing. Mother did not testify at the hearing, but the parties stipulated that her monthly net income was $6,027.46. N.T., 8/21/2019, at 3-4. Father provided the

following testimony related to his income. In 2018, Father earned over $180,000.00 while employed with Passavant Development Corporation. *Id.* at 30. From January 1, 2019 until April 11, 2019, Father earned $51,603.76 in salary. *Id.* at 21. On April 12, 2019, Father was involuntarily terminated for a reason that does not appear in the record and received a payout of $14,513.00 for unused time off, and a severance package that included payment of $167,712.48 ($13,976.04 per month) over the next 12 months. *Id.* at 21, 24.

In July 2019, Father moved from the parties' former marital home in Cranberry Township, Pennsylvania to be with his paramour in Lexington, Kentucky, and sought comparable employment and earnings to his previous position. *Id.* at 14-15. In the four months between when Father was terminated and the August 21, 2019 *de novo* hearing, Father had applied to only two positions with potential employers via sending a resume and cover letter; one application was submitted just a week prior to the hearing. *Id.* at 15. Father was planning to follow-up after the hearing via a telephone call with one of the potential employers. *Id.*

On August 30, 2019, the trial court entered the order at issue here, which increased Father's child and spousal support obligations. The trial court determined Father's monthly net income and calculated his support obligations for different dates. Specifically, from March 26, 2019 until April 12, 2019, the trial court used Father's actual earnings and accrued benefits

from his employment to determine his monthly net income to be $12,754.39; and from April 13, 2019 onward, the trial court determined Father's income to be what he received from his severance payment, plus it imputed a $15-per-hour earning capacity until Father found employment, for a total of $11,542.41. Order, 8/30/2019, at 1.

Father timely filed a notice of appeal on September 26, 2019. Both Father and the trial court complied with Pa.R.A.P. 1925.

On appeal, Father raises three, albeit overlapping, issues.

A. Whether the [t]rial [c]ourt erred as a matter of law and abused its discretion by imputing [] an earning capacity [to Father] for child and spousal support purposes that exceeds one [] full-time position.

B. Whether the [t]rial [c]ourt erred as a matter of law and abused its discretion by imputing [] an earning capacity [to Father] that exceeds [Father's] earnings from his most recent employment.

C. Whether the [t]rial [c]ourt erred as a matter of law and abused its discretion by entering an award for child support and spousal support based upon [Father's] actual earnings in addition to the trial court's imputation [] of an earning capacity of a full-time position paying [$15.00] per hour.

Father's Brief at 8. The crux of Father's issues is his contention that the trial court abused its discretion in calculating his earning capacity. He argues that the trial court should have based his income solely on his severance pay, rather than his severance pay **and** an imputed $15-per-hour earning capacity, thereby imputing "an earning capacity of a second-full time position" to Father. *Id.* at 20.

- 4 -

Before addressing Father's issue, we must first determine the appealability of the August 30, 2019 order. **Diament v. Diament**, 771 A.2d 793, 795 (Pa. Super. 2001) ("Although the appealability of the trial court's support order was not raised by the parties in their briefs, we nevertheless will examine this question since the appealability of an order goes to the jurisdiction of the court and thus properly may be raised by the court *sua sponte*." **Fried v. Fried**, 501 A.2d 211, 212 (1985)). The order at issue is an allocated support order, *i.e.*, it made separate provisions for child support and spousal support. During the pendency of a divorce action, "the portion of a trial court order attributable to child support is final and immediately appealable; however, the portion of an order allocated to spousal support is interlocutory." **Capuano v. Capuano**, 823 A.2d 995, 998 (Pa. Super. 2003) (citations omitted). Issues related to child support may be appealed immediately to protect the interest of the child and avoid hardship due to a child's immediate and continuing dependence on his or her parents for support and inability to draw on other sources of funds in the interim. **Diament**, 771 A.2d at 795.

A spousal support order entered during the pendency of a divorce is not appealable until all claims related to the divorce action are resolved. **Deasy v. Deasy**, 730 A.2d 500, 502 (Pa. Super. 1999). This Court may quash an appeal if statements in the parties' appellate briefs indicate a divorce action is pending at the time of the appeal. **Capuano**, 823 A.2d at

999. Here, Mother indicates in her brief that the parties "are in the process of divorce having separated on November 1, 2017," and references Father's testimony "in a separate order of court under the parties' divorce caption." Mother's Brief at 11, 16. Second, Father stated in his brief that he and Mother "have a divorce action pending in the Butler County Court of Common Pleas." Father's Brief at 9.

In light of the foregoing, we quash the appeal from those portions of the August 30, 2019 order pertaining to spousal support because those portions are interlocutory and unappealable, and we therefore lack jurisdiction to consider them. **See Capuano**, 823 A.2d at 998.

Conversely, the issues related to the child support portion of the August 30, 2019 order are immediately appealable and properly before this Court. **See Hrinkevich v. Hrinkevich**, 676 A.2d 237, 239 (Pa. Super. 1996).

We now turn to Father's argument that the trial court's determination of his earning capacity was inconsistent with applicable law and not supported by the evidence as it relates to the award of child support.

We begin with our well-settled standard of review in child support cases.

> Appellate review of support matters is governed by an abuse of discretion standard. When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. An abuse of discretion is [n]ot merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment

exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record[, then the court has abused its discretion]. The principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses.

***J.P.D. v. W.E.D.***, 114 A.3d 887, 889 (Pa. Super. 2015) (citation omitted).

"[T]he amount of support to be awarded is based upon the parties' monthly net income." Pa.R.C.P. 1910.16-2; **see also Woskob v. Woskob**, 843 A.2d 1247, 1251 (Pa. Super. 2004) ("[A] person's support obligation is determined primarily by the parties' actual financial resources and their earning capacity."). The calculation of income in this case is guided by the following parameters.

> **(a) Monthly Gross Income.** Monthly gross income is ordinarily based upon at least a six-month average of all of a party's income. The term "income" is defined by the support law, 23 Pa.C.S.[] § 4302, and includes income from any source.
>
> ***
>
> [(d)](4) *Earning Capacity.* If the trier of fact determines that a party to a support action has willfully failed to obtain or maintain appropriate employment, the trier of fact may impute to that party an income equal to the party's earning capacity. Age, education, training, health, work experience, earnings history and child care responsibilities are factors which shall be considered in determining earning capacity. In order for an earning capacity to be assessed, the trier of fact must state the reasons for the assessment in writing or on the record. **Generally, the trier of fact should not impute an earning capacity that is greater than the amount the party would earn from one full-time position.** Determination of what constitutes a reasonable work regimen depends upon all relevant circumstances including the choice of jobs available within a particular occupation, working hours, working conditions and whether a party has exerted substantial good faith efforts to find employment.

Pa.R.C.P. 1910.16-2(a), (d)(4) (emphasis added). It is the highlighted portion of the above quote upon which Father relies.

Father relies upon *Haselrig v. Haselrig*, 840 A.2d 338 (Pa. Super. 2003), and the cases cited therein. For a period of time, the payor in that case worked two full-time 40-hour jobs, for a total of 80 hours per week, and his spouse argued that his earning capacity should be based on those two full-time 40-hour-per-week jobs. This Court responded that many factors need to be considered with regard to how many hours should be required in determining earning capacity, but clearly it would be a rare case where a payor would be required to work two full-time jobs.

*Haselrig* is clearly distinguishable from this case. Father is not being required to work 80 hours per week. Because of the unusual circumstances here where Father was fired with a severance package, although he is being paid for that full-time job, he is not performing work at that job. That is a far cry from *Haselrig*. We find no abuse of discretion in the trial court's imposing an earning capacity on Father. There is a reason that the rule uses the word "generally" in describing when the payor's earning capacity should not exceed the amount he could earn in one full time-position. Based on the foregoing, we conclude that the trial court did not abuse its discretion in calculating Father's earning capacity. Accordingly, we affirm the trial court's order as it pertains to child support.

Order affirmed as it pertains to child support. Appeal quashed as it relates to spousal support.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2020