J-A18038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STEPHANIE WEYMER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID WEYMER | : | No. 87 WDA 2019 |

Appeal from the Order Entered December 19, 2018
in the Court of Common Pleas of Lawrence County
Civil Division at No(s): 87 of 2016, D.R.

BEFORE: BOWES, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 30, 2019**

Stephanie Weymer ("Wife") appeals from the Order establishing the spousal support obligation owed to Wife by her ex-husband, David Weymer ("Husband"). We affirm.

Husband and Wife were married in April 2012. The parties did not have children together. On February 9, 2016, Husband filed a Complaint in Divorce.[1] Shortly thereafter, Wife filed an action for spousal support against Husband. After a hearing, the trial court entered an Order on August 8, 2016

_____

[1] The divorce action and the matter of equitable distribution were later bifurcated.

(the "Support Order"), requiring Husband to pay Wife $1,466.24 per month in spousal support, plus $100 towards arrears.[2]

Following a procedural history not pertinent to this appeal, on March 15, 2017, the parties filed a "Consent Motion to Suspend Support Collection" ("the Consent Motion"). By an Order entered on the same date, the trial court granted the Consent Motion,[3] and collection of spousal support was stayed from that point forward. The trial court later entered a Divorce Decree on March 21, 2018.

On January 24, 2018, Wife filed a "Motion to Reinstate Domestic Relations Order and Collections." Therein, she requested that the trial court reinstate Husband's spousal support obligation, and asserted that Husband owed her "approximately $30,000 in spousal support/alimony pending litigation" (which we also refer to as "APL"). Motion to Reinstate, 1/24/18, at ¶ 10.

_____

[2] In response, Husband filed a Motion to modify his spousal support obligation, and a Motion ("the Entitlement Motion") wherein he challenged Wife's entitlement to spousal support due to Husband's alleged disability.

[3] In a subsequent Order, the trial court explained the Consent Motion as follows: "The agreement between the parties was entered into with the understanding that the [Divorce] Master's Report would resolve the issue of spousal support/alimony[,] and that [the] divorce would be granted shortly thereafter, thus rendering the [E]ntitlement [Motion] moot." Order, 5/23/18, at 2.

By an Order entered on May 23, 2018 (the "May 23 Order"), the trial court determined that Wife had waived her right to claim spousal support arrearages, effective March 15, 2017 (*i.e.*, the date of the Consent Motion). *See* Order, 5/23/18, at 2-3 (stating that "when the [S]upport [O]rder in this matter was suspended on March 15, 2017, the effect of the [O]rder was eliminated until the suspension was lifted. Because the effect of the [S]upport [O]rder was eliminated, arrearages have not accrued while the [S]upport [O]rder is suspended.").[4] The trial court also stated, in the May 23 Order, that Wife could file a claim for APL, "[i]f [she] is able to provide demonstrable evidence of her inability to retain counsel in the pending equitable distribution hearings[.]" *Id.* at 3. Notably, however, Wife never filed a claim for APL, nor did she challenge the May 23 Order.

In December 2018, the trial court conducted a hearing on the amount of spousal support arrearages that Husband owed Wife. Following this hearing, the court entered an Order on December 19, 2018 (the "Dec. 19 Order"). Therein, the court (1) determined the respective monthly incomes for the parties between August 26, 2016, and March 15, 2017 (*i.e.*, the time from which Husband filed for modification of his spousal support obligation, to

---

[4] Additionally, the trial court terminated Wife's entitlement to spousal support effective March 21, 2018, *i.e.*, the date of entry of the Divorce Decree. *See Horn v. Horn*, 564 A.2d 995, 996 (Pa. Super. 1989) (stating that "[t]he duty to provide spousal support is derived from marital obligations…." (citations omitted)).

the date of the Consent Motion); and (2) ordered that Husband's monthly spousal support obligation, from August 26, 2016, to December 31, 2016, was $1,507.26, and that his support obligation, from January, 1, 2017, to March 15, 2017, was $970.86 per month.

Wife filed a timely Notice of Appeal from the Dec. 19 Order. In response, by an Order entered on February 4, 2019, the trial court directed Wife to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[5] On February 20, 2019, Wife timely filed a Concise Statement. Notably, Wife raised only one issue therein: "Whether the [c]ourt erred in determining [that Wife] knowingly, intelligently and voluntarily waived her right to alimony pending litigation, wherein the parties agreed to stay collections only pending a master's determination on the issue of alimony?" Concise Statement, 2/20/19.

The trial court then issued a Rule 1925(a) Opinion, wherein it advanced the following substantive analysis in rejecting Wife's issue:

> Upon review of the entire record in this matter, the [c]ourt has never made a determination that [Wife] has knowingly, intelligently and voluntarily waived her right to [APL]. In the [May 23] Order …, the [c]ourt specifically stated that[,] "[i]f [Wife] is able to prove demonstrable evidence of her inability to retain counsel in the pending equitable distribution hearings, this [c]ourt will entertain a motion to determine if [APL] is appropriate." A motion requesting a hearing to determine the appropriateness of [APL] was never filed.

---

[5] This Order, which was sent to the parties, instructed Wife that any issue that she did not raise in her concise statement would be deemed waived.

- 4 -

Trial Court Opinion, 3/5/19, at 2 (quoting Order, 5/23/18, at 3).[6]

In her brief on appeal, Wife presents the following issues for our review:

1. Whether [Wife's] … [Rule 1925(b) Concise] [S]tatement … sufficient[ly] described the pertinent issue for the [trial court] judge?

2. Whether the May 23 Order … was a final[,] appealable Order of Court?

3. Whether the [trial] [c]ourt erred in determining [that Wife] knowingly, intelligently, [and] voluntarily waived her **spousal support** for the period of March 17, 2017[,] to when the Divorce Decree was entered on March 18, 2018[,] pursuant to the [c]ourt's May 23 [] Order, where the parties agreed to stay collections only pending a Master's hearing on the issue of alimony and enter into a consented[-]to divorce[;] however[,] [Wife] raised the issue of marital fault with the [M]aster and on [E]xceptions to the [c]ourt?

Brief for Appellant at 6 (emphasis added; issues renumbered).

Preliminarily, we must determine whether Wife has preserved her issues for our review. *See*, *e.g.*, *Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa. Super. 2007) (emphasizing that "[t]he fact [that] [a]ppellants filed a timely

---

[6] Wife asserts in her brief that, on March 15, 2019, her counsel filed a Petition for leave to file an amended Rule 1925(b) concise statement, but the trial court denied this purported Petition because Wife filed it approximately nine months after the time for filing a concise statement had expired. Brief for Appellant at 12. However, neither of these purported documents are contained within the certified record; thus, we may not consider them. *See Keystone Tech. Grp., Inc. v. Kerr Grp., Inc.*, 824 A.2d 1223, 1228 n.6 (Pa. Super. 2003) (stating that "[i]t is axiomatic that an appellate court is limited to considering only those facts which have been duly certified in the record on appeal and, for purposes of appellate review, what is not of record does not exist.").

Pa.R.A.P. 1925(b) statement does not automatically equate with issue preservation."). This Court has summarized the law regarding preservation of issues in a Rule 1925(b) concise statement as follows:

> Pa.R.A.P. 1925(b) provides that a judge entering an order giving rise to a notice of appeal "may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ('Statement')." Rule 1925 also states that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). In **Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306 (1998), our Supreme Court held that "from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a statement of matters complained of on appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." **Lord**, 719 A.2d at 309 [(some capitalization omitted)]. This Court has held that "[o]ur Supreme Court intended the holding in **Lord** to operate as a bright-line rule, such that 'failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised.'" **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 2014 PA Super 50, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (emphasis in original).

**U.S. Bank, N.A. v. Hua**, 193 A.3d 994, 996-97 (Pa. Super. 2018) (some citations omitted); **see also Greater Erie Indus. Dev. Corp.**, 88 A.3d at 224 (stating that "it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements.").

Moreover, this Court has explained that

> [t]he purpose of Pa.R.A.P. 1925(b) is to aid appellate review by providing a trial court the opportunity to focus its opinion upon only those issues that the appellant plans to raise on appeal, and guarantees predictable consequences for failure to comply with the rule. Additionally[,] the simplicity of Pa.R.A.P. 1925(b)'s requirements impose only a minor burden on the appellant, who

> also may proactively seek from the trial court an extension of time to file[,] or the ability to amend a statement if needed.

***Tucker***, 939 A.2d at 347-48 (citation, brackets and ellipses omitted).

In the instant appeal, Wife's court-ordered Concise Statement challenged only the trial court's purported ruling that Wife had knowingly waived her right to claim *APL*, **not** *spousal support*. Indeed, the trial court, in the single paragraph of substantive analysis it advanced in the Rule 1925(a) Opinion, determined that the court, in fact, had never determined that Wife had waived her right to claim APL; and the court never mentioned or addressed the matter of spousal support. ***See Korman Commer. Props. v. Furniture.com, LLC***, 81 A.3d 97, 102 (Pa. Super. 2013) (determining that appellant had waived its issue on appeal, where the trial court did not address same in its Pa.R.A.P. 1925(a) opinion, and appellant failed to preserve same in its Rule 1925(b) concise statement); ***see also U.S. Bank, N.A.***, ***supra.*** Accordingly, because Wife did not raise a challenge concerning spousal support in her Concise Statement, we are compelled to rule that she has failed

to preserve her challenge to same on appeal. *See U.S. Bank*, *supra*.[7]

Finally, we are unpersuaded by Wife's assertion that "spousal support is a subsidiary issue included within an alimony pending litigation." Brief for Appellant at 20 (relying upon Pa.R.A.P. 1925(b)(4)(v) (providing that "[e]ach error identified in the [concise] [s]tatement will be deemed to include every subsidiary issue contained therein which was raised in the trial court[.]")). It is well established that spousal support and APL are distinct concepts. *See Horn*, 564 A.2d at 996 (collecting cases explaining the differences between APL and spousal support, and the respective duties of the obligor spouse. This Court held that the only issue properly before the trial court was the issue of spousal support, and because the trial court's opinion addressed only the issue of APL, rather than spousal support, the appeal had to be dismissed and the case remanded for a hearing and findings on the issue of spousal support).

Based on the foregoing, we affirm the trial court's Dec. 19 Order.

Order affirmed.

---

[7] Additionally, we have reviewed Wife's Argument in connection with her primary issue on appeal, *i.e.*, regarding waiver of her entitlement to collect spousal support during the above-mentioned periods. Even if we were empowered to rule on this Argument, it appears that it entitles Wife to no relief, where she is essentially retroactively attacking the May 23 Order, which she did not challenge before the trial court prior to filing her Concise Statement. *See Irwin Union Nat'l Bank & Tr. Co. v. Famous*, 4 A.3d 1099, 1104 (Pa. Super. 2010) (stating that "issues not raised below cannot be advanced for the first time in a 1925(b) statement or on appeal." (citing Pa.R.A.P. 302(a)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/30/2019